DOUBLE AA PROPERTIES CORP., demandante y recurrida, *v.* EL SECRETARIO DE JUSTICIA, TRIBUNAL ELECTORAL y ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandados y recurrentes.

*Número:* R-79-230        *Resuelto:* 20 de noviembre de 1979

236

*Héctor A. Colón Cruz, Procurador General, y Américo Serra,*

*Procurador General Auxiliar*, abogados de la parte recurrente; *José Dorta Lucca*, abogado de la recurrida.

EL JUEZ ASOCIADO SEÑOR MARTÍN emitió la opinión del Tribunal.

Plantea este recurso la responsabilidad de un arrendatario hacia el arrendador como consecuencia del robo de la cosa arrendada. Para resolver la controversia debemos examinar las disposiciones del Código Civil que regulan el campo de los riesgos en torno al contrato de arrendamiento para determinar en qué circunstancias el robo de la cosa arrendada puede liberar al arrendatario de su obligación de devolverla al arrendador, y de no liberarlo, si aquél viene obligado a compensar a éste por la pérdida de la cosa. Los hechos son los relatados a continuación.

La demandante, Double AA Properties Corp., empresa dedicada al negocio de alquiler de automóviles, cedió en arrendamiento un automóvil al Tribunal Electoral, instrumentalidad del Estado Libre Asociado, por el plazo de dos meses. Cierto día un empleado de dicho tribunal aparcó el automóvil arrendado sobre la acera frente al edificio, luego de cerrarlo con llave, en lo que subía a una gestión de su empleo. Al regresar, cerca de una hora más tarde, advirtió que el auto había sido robado. El edificio donde radica el Tribunal Electoral, conocido como Mercantil Plaza, está céntricamente localizado en la zona de Hato Rey en un sitio de mucho movimiento de personas y vehículos.

El automóvil hurtado no pudo ser recuperado por lo que el Tribunal Electoral no pudo devolverlo a la arrendadora al finalizar el arrendamiento dos semanas más tarde. La arrendadora entabló demanda reclamando del Tribunal Electoral y del Estado Libre Asociado el resarcimiento de los daños y perjuicios que sufrió por la pérdida del vehículo. Su contención es que la causa del hurto surge de la negligencia de la parte demandada al dejar de cuidar el vehículo con la diligencia que es requerida de un buen padre de familia. El Estado, por su parte, negó que sus actuaciones quebrantaran el deber de cuidado que exigían las circunstancias y por el

contrario, adujo afirmativamente que la pérdida del vehículo obedeció a un caso fortuito que le relevaba de responsabilidad.

Celebrado el juicio, la Sala de San Juan del Tribunal Superior, Hon. Salvador Acevedo Colón, J., dictó sentencia estimando la demanda y condenando al Estado Libre Asociado a pagar a la demandante las sumas de $2,566.02 por el valor del automóvil y $8,000.00 por concepto de rentas dejadas de percibir.[1] No conforme, el Estado ha acudido ante nos.

Concedimos a la arrendadora un plazo para que mostrara causa por la cual no debíamos expedir el auto de revisión solicitado, y revocar la sentencia dictada por el Tribunal Superior. La arrendadora compareció mediante un corto escrito en el que reitera su argumento en el sentido de que el Estado no actuó con la diligencia de un buen padre de familia. A nuestro juicio la responsabilidad del Estado en este caso gira alrededor de la doctrina de caso fortuito que releva al Estado de responsabilidad. Veamos.

▬ Para que nazcan las obligaciones jurídicas es requisito esencial que las prestaciones que en virtud de ellas se requieran a las partes sean realizables. L. Rodríguez-Arias Bustamante, *Derecho de Obligaciones*, Madrid, 1965, págs. 39 y 508. Ahora bien, puede suceder que una obligación existente y válida cuya prestación fue originariamente posible advenga posteriormente irrealizable. Tal imposiblidad sobrevenida puede deberse a causas imputables al deudor—basado en la teoría de la culpa—o a causas no atribuibles a éste—como, por ejemplo, el caso fortuito o fuerza mayor. Tratándose aquí de obligaciones de dar, la responsabilidad del deudor se extingue cuando la cosa se pierde o destruye sin culpa del deudor y antes de haberse éste constituido en mora, correspondiéndole sin embargo a éste demostrar afirmativamente que la pérdida ocurrió sin culpa suya, pues si la cosa se hubiese perdido en su poder, debe presumirse que la pérdida ocurrió por su culpa y

---

[1] El tribunal sentenciador concluyó que al aparcar el automóvil sobre la acera y no en un aparcamiento vigilado que estaba asequible, se apartó de observar la diligencia de un buen padre de familia.

no por caso fortuito. Arts. 1136 y 1137 del Código Civil, 31 L.P.R.A. secs. 3191 y 3192. D. Espín Cánovas, *Manual de Derecho Civil Español*, Madrid, 1975, Vol. III, pág. 204.

En materia de arrendamientos, la obligación de dar, respecto a la devolución al arrendador de la cosa arrendada, la impone el Código al arrendatario al finalizar la relación arrendaticia. Art. 1451 del Código Civil, 31 L.P.R.A. sec. 4058; J. Ma. Manresa, *Comentarios al Código Civil Español*, Madrid, 1969, T. X, Vol. II, pág. 194 *et seq.* Y, en caso de pérdida de la cosa arrendada, habrá de procederse de acuerdo con las normas que rigen las relaciones obligatorias, según hemos reseñado antes. Código Civil, Art. 1458—31 L.P.R.A. sec. 4065;[2] J. Castán Tobeñas, *Derecho Civil Español, Común y Foral*, Madrid, 1961, T. 4to, pág. 303; y con lo que concretamente dispone el Art. 1453 del Código Civil, a saber:

"El arrendatario es responsable del deterioro o pérdida que tuviere la cosa arrendada, a no ser que pruebe haberse ocasionado sin culpa suya." 31 L.P.R.A. sec. 4060.

Al referirse el Código a la obligación de dar una cosa determinada, define qué se entiende por pérdida de la cosa,[3] y declara que la cosa se pierde "cuando perece, queda fuera del comercio o desaparece de modo que se ignora su existencia, o no se puede recobrar". A. M. Borrel y Soler, *Derecho Civil Español*, Barcelona, 1955, T. 3ro, págs. 143 y 144. Resulta, pues, que para liberarse el arrendatario de responsabilidad por la pérdida de la cosa arrendada debe demostrar que su ruina o extravío se debió a causa ajena a su

---

[2]Dispone:

"Si se pierde la cosa arrendada o alguno de los contratantes falta al cumplimiento de lo estipulado, se observará respectivamente lo dispuesto en las secs. 3191 y 3192 y en las 3018 y 3052 de este título." Código Civil, Art. 1458, 31 L.P.R.A. sec. 4065.

[3]Claro es que la cosa perdida ha de ser necesariamente específica o determinada pues si se tratase de cosa genérica, el deudor no quedaría liberado por su pérdida, ya que sabido es que el género no perece. D. Espín Cánovas, *Manual de Derecho Civil Español*, Madrid, 1975, T. III, pág. 179 *in fine.*

poder; causa que bien puede nacer de leyes naturales, bien de actos *pro bono publico* del soberano,[4] o bien de una fuerza preponderante *extra juris ordinem*, esto es, del hecho ilegítimo de un tercero.[5] J. Giorgi, *Teoría de las Obligaciones en el Derecho Moderno*, Madrid, 1930, Vol. VIII, pág. 185 *et seq.* Se trata, como describe el Código, de la "causa inevitable", que no es otra cosa que el caso fortuito.[6] J. Ma. Manresa, *Comentarios al Código Civil Español*, Madrid, 1968, T. X, Vol. II, pág. 199. *Cabinero* v. *Cobián Theatres*, 81 D.P.R. 960, 966 *et seq.* (1960). Ver *Vega Torres* v. *Sucn. Mercado Riera*, 107 D.P.R. 425 (1978); *Castro Anguita* v. *Figueroa*, 103 D.P.R. 847, 853 (1975); *AMECO* v. *Jaress Corp.*, 98 D.P.R. 838, 843 *et seq.* (1970); *Hernández* v. *Rodríguez Soto*, 97 D.P.R. 214, 219 (1969).

La causa eximente en el caso de autos se refiere al hecho ilegítimo de un tercero—el robo de la cosa, que el arrendatario invoca como caso fortuito y por ende como eximente de responsabilidad ante el arrendador. Al catalogar el robo como caso fortuito, nos dice Scaevola:

"... por estar admitido el robo como caso fortuito en las doctrinas y en la jurisprudencia, debe seguir teniéndose por tal; este mismo criterio sentaremos, si bien con la limitación natural de que el robo no puede considerarse nunca suceso imprevisible, toda vez que contra él se previenen constantemente las personas por toda clase de medios, y sólo entrará en el concepto de caso fortuito cuando sea inevitable, esto es, cuando se hubiera empleado por el deudor toda la

---

[4]En la doctrina alemana se les llama causas públicas a aquellas que obedecen a la intervención del Estado, y causas materiales a las restantes. A. von Tuhr, *Tratado de las Obligaciones*, Madrid, 1934, T. II, pág. 81.

[5]Puede suceder que se ignore si la prestación volverá a ser posible; en caso de robo, si podrá la cosa recuperarse. En tal caso, y presumiendo siempre falta de culpa del deudor, la obligación se mantiene hasta que pueda cumplirse, o se extingue cuando la obligación resulta definitivamente imposible. M. Albaladejo, *Derecho Civil*, Barcelona, 1977, T. II, pág. 298.

[6]Aun mediando una situación fortuita puede el deudor responder por la pérdida de la cosa por disposición expresa de la ley, Arts. 1049 y 1182 del Código Civil, 31 L.P.R.A. secs. 3013 y 3191, o por pacto de las partes cuando así se establezca. D. Espín Cánovas, *Manual de Derecho Civil Español*, Madrid, 1975, Vol. III, pág. 195.

diligencia que podía serle exigida en relación con la mayor o menor delicadeza de la obligación y con las circunstancias de las personas, del tiempo y del lugar, y, sin embargo, el robo se hubiera realizado, por ser tales las condiciones de astucia, de fuerza o de sorpresa con que se hubiera llevado a término, que sobrepujaran todos los cálculos razonables e hicieran insuficientes todas las precauciones que se tenían adoptadas para evitar su realización." Q. M. Scaevola, *Código Civil*, Madrid, 1957, T. XIX, pág. 667.

En armonía con la citada opinión del distinguido comentarista español, es preciso puntualizar que el Código Civil impone al arrendatario la obligación de cuidar la cosa como diligente padre de familia. Art. 1445(2) (31 L.P.R.A. sec. 4052(2)). A. Blanco, *Curso de Obligaciones y Contratos*, Río Piedras, 1977, T. III, págs. 213-214. En el descargo de esa obligación, el arrendatario debe adoptar todas las precauciones razonables para evitar que la cosa que disfruta en arrendamiento sea hurtada.[7] En su consecuencia, sólo cuando la fuerza o astucia del ladrón burla los cálculos que debían razonablemente exigirse al arrendatario, queda éste liberado de su obligación de devolver la cosa y por consiguiente de indemnizar a su dueño. A. von Tuhr, *Tratado de las Obligaciones* (traducido del alemán y concordado por W. Roces), Madrid, 1934, T. II, pág. 81.

Regresemos a los hechos del presente caso. El empleado del Estado que tenía bajo su control el auto arrendado, lo aparcó una tarde sobre la acera de una principal avenida, en horas de abundante fluir de vehículos y de personas, y frente a un gran edificio de oficinas, se llevó consigo las llaves de la ignición del vehículo y aseguró las puertas del mismo,[8]

---

[7]Como hemos advertido del transcrito texto de Scaevola, el elemento de previsibilidad no es definitorio del caso fortuito. Según advierte Traviesas, el caso fortuito puede ser previsible o imprevisible. M. M. Traviesas, *La culpa*, 13 Revista de Derecho Privado 273, 285 (1926).

[8]Claro es, sin duda, que si el vehículo se hubiese colocado sobre la acera con sus puertas abiertas o si se hubiesen dejado en él las llaves de su ignición, se perfilaría entonces con claridad la responsabilidad del recurrente pues no podría concluirse que la causa del robo obedeció a la actuación del ladrón sin que mediara descuido del arrendatario.

cumpliendo así con toda diligencia que pueda exigirse a un buen padre de familia. Más aún, el aparcamiento del automóvil sobre la acera sólo pudo tener el efecto de colocar el auto en lugar particularmente conspicuo, lo que parecería desvirtuar cualquier intento de robo.

Para propósitos de la controversia ante nos el aparcamiento sobre la acera o junto a ella tiene idénticas consecuencias. Y nos es difícil sostener que en circunstancias como las de autos constituya negligencia o culpa aparcar un vehículo junto a una acera, como es costumbre inveterada en nuestro país, aun si existiere la posibilidad de aparcar en un solar o lugar cercano de aparcamiento. No existe norma alguna de prudencia o razonabilidad en el derecho de circulación puertorriqueño que obligue a los conductores, so pena de incurrir en negligencia, a aparcar sus vehículos en lugares privados en vez de en las calles del país. No por ello dejan de ejercer el cuidado requerídole a un buen padre de familia.([9])

Es indudable, ante los hechos de este caso, que el robo del vehículo arrendado constituyó un evento fortuito que exime al arrendatario de responsabilidad por la pérdida de la cosa arrendada. Cometió error la ilustrada sala sentenciadora al estimar la demanda.

*Se expedirá el auto de revisión solicitado y se dictará sentencia revocando la recurrida y desestimando la demanda.*

El Juez Asociado Señor Negrón García no intervino.

---

([9])El tribunal sentenciador fue persuadido por la declaración del empleado del Estado a los efectos de que si se hubiese tratado de un automóvil de su propiedad hubiera procedido a aparcarlo en un solar de aparcamiento vecino. Debemos recordar, sin embargo, que cuando se trata de medir la diligencia que debe distinguir el proceder de una entidad social o corporativa como es el Estado, no puede ser criterio determinante el grado de cuidado con que suela actuar alguno de sus agentes o empleados. Basta con que el Estado a través de los empleados públicos, actúe como actuaría un buen padre de familia, independientemente de que alguno de sus agentes se distinga por ejecutar sus actos personales con las diligencias propias de un hombre extremadamente prudente y cuidadoso, diligencia exquisita que sólo los hombres muy celosos tienen, cuya omisión se conoce como culpa levísima. F. C. de Diego, *Instituciones de Derecho Civil Español*, Madrid, 1959, T. II, pág. 30 *et seq.*