RAMÓN RAMOS LOZADA, demandante y recurrente, *v.* ORIENTALIST RATTAN FURNITURE, INC. y/o PEDRO CLAUDIO VELÁZQUEZ, demandados y recurridos.

*Número:* RE-88-67          *Resuelto:* 15 de junio de 1992

714

*Myrta Irizarry Ríos*, abogada del recurrente; *Pedro Roldán Figueroa*, abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

El 17 de marzo de 1986 el Sr. Ramón Ramos Lozada presentó una demanda en daños y perjuicios por incumplimiento de contrato y cobro de dinero ante la Sala de Bayamón del Tribunal Superior contra Orientalist Rattan Furniture, Inc. y otros. Se alegó en la demanda, y posteriormente en la demanda enmendada, que las partes habían otorgado un contrato de arrendamiento el 2 de junio de 1971, mediante el cual el demandante le cedía en arrendamiento a la parte demandada un solar y dos (2) edificios industriales, a ser utilizados los mismos para la manufactura de muebles de rattan.

Surge de la demanda que, allá para el 23 de septiembre de 1981, ocurrió un incendio en la propiedad arrendada, quemándose las referidas estructuras. En la demanda radicada, el arrendador solicitó indemnización por las pérdi-

das o deterioro que sufrieron las edificaciones, las cuales estimó en $23,000 dólares; $10,000.00 por concepto de daños y perjuicios, y $11,375 dólares por los cánones de arrendamiento vencidos y no pagados. El demandante arrendador expresamente alegó que el siniestro se debió a la exclusiva negligencia de la parte demandada arrendataria y que ésta se había comprometido, conforme a las Cláusulas 6, 7 y 8 del contrato de arrendamiento otorgado, a cuidar y mantener la propiedad "como un buen padre de familia" y a responder por cualquier daño que le pudiera ocurrir a la propiedad, salvo los debidos al deterioro natural del tiempo.[1]

Procede que se señale que, luego del incendio, la demandada arrendataria continuó ocupando la propiedad hasta febrero de 1986, cuando desalojó la misma. Según alegó el demandante, con posterioridad al fuego, las partes contrataron para ajustar el canon de arrendamiento de $500 dólares a la suma de $125 dólares mensuales hasta que el arrendatario se recuperara económicamente, cuando reintegraría la diferencia entre los cánones y restauraría las edificaciones.

La parte demandada contestó la demanda, negando los hechos esenciales de la misma. En su contestación, levantó la defensa afirmativa de prescripción. El foro de instancia acogió el planteamiento y dictó sentencia mediante la cual

---

[1] Las referidas cláusulas disponen lo siguiente:

"Cláusula (6) La arrendataria queda obligada a conservar y a cuidar la propiedad arrendádale como lo haría un buen padre de familia o un buen propietario, sin menoscabarle o irrogarle perjuicios a la propiedad objeto de este arrendamiento, salvo los que puedan ocurrir por actos de la naturaleza que estén fuera del control de la Arrendataria."

"Cláusula (7) La Arrendataria asume la obligación de mantener en buenas condiciones de limpieza la propiedad objeto de este contrato y al expirar el presente contrato de arrendamiento por cualquier causa, el Arrendatario deberá devolver la propiedad arrendádale en las mismas condiciones en que la ha recibido, salvo el deterioro natural de tiempo, si hubiera alguno."

"Cláusula (8) La Arrendataria se compromete a compensar al Arrendador cualquier daño que pueda sufrir la propiedad arrendada durante el término del arrendamiento, salvo aquellos daños ocurridos por el deterioro natural del tiempo, si alguno." *Exhibit* V, pág. 13.

*desestimó* la demanda. El juez determinó que la acción instada por el demandante descansaba en la culpa o negligencia del demandado, esto es, al amparo del Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141. Dado que el término prescriptivo para ejercitar la acción bajo dicho artículo es de un (1) año (31 L.P.R.A. sec. 5298), al presentarse la demanda, cuatro años y medio (4½) después del incendio, dicho foro concluyó que la misma estaba prescrita.

Inconforme con la sentencia dictada por el tribunal de instancia, el demandante arrendador acudió en revisión ante este Tribunal. En apoyo de su solicitud, le imputa al foro de instancia haber errado

> ....al desestimar la demanda basada su sentencia en que la acción descansa en la culpa o negligencia del artículo 1802 del Código Civil del 1930 (en vez de la culpa o negligencia contractual) por lo que transcurrido más de un año desde el siniestro a fecha de radicación, la acción está prescrita." Petición, pág. 5.

Expedimos el auto de revisión solicitado. Ambas partes han sometido sus correspondientes alegatos. Resolvemos.

I

El problema ante nuestra consideración requiere analizar si los hechos, *según alegados en la demanda*, dan lugar a una acción en daños y perjuicios por culpa o negligencia o una basada en incumplimiento de contrato. La contestación a dicha interrogante, esto es, el tipo de responsabilidad que surge por el siniestro ocurrido en la propiedad arrendada, nos permitirá determinar el término legal de prescripción extintiva aplicable al caso de autos.

Si la acción es una por incumplimiento de contrato, le aplicaría la prescripción general de quince (15) años del Art. 1864 del Código Civil, 31 L.P.R.A. sec. 5294.[2] Por otro

---

[2] El Art. 1864 del Código Civil dispone lo siguiente:

lado, si la acción es estrictamente una en daños y perjuicios, le sería aplicable el término prescriptivo de un (1) año establecido en el Art. 1868 del Código Civil, 31 L.P.R.A. sec. 5298.([³])

## II

■ Examinamos, en primer lugar, las disposiciones pertinentes del Código Civil que regulan la situación del caso de autos; *en específico*, lo concerniente a la relación entre arrendador y arrendatario. El Art. 1445 del Código Civil, 31 L.P.R.A. sec. 4052, señala la obligación que tiene el arrendatario de "usar de la cosa arrendada como un diligente padre de familia …". El Art. 1451 del Código Civil, 31 L.P.R.A. sec. 4058, le obliga a "devolver la finca al concluir el arriendo, tal como la recibió, salvo lo que hubiese perecido o se hubiera menoscabado por el tiempo o por causa inevitable". Por otro lado, el Art. 1453 del Código Civil, 31 L.P.R.A. sec. 4060, dispone que *el arrendatario es responsable del deterioro o pérdida que tuviere la cosa arrendada, a no ser que pruebe haberse ocasionado sin culpa suya.* Con respecto a la pérdida de la cosa arrendada, cuando *alguno de los contratantes falta al cumplimiento de lo estipulado*, el Art. 1458 del Código Civil, 31 L.P.R.A. sec. 4065, dispone que se observará, respectivamente, lo dispuesto en los Arts. 1136 y 1137 (31 L.P.R.A. secs. 3191 y 3192) y en los Arts. 1054 y 1077 (31 L.P.R.A. secs. 3010 y 3052).

■ El Art. 1453, ante, establece una presunción de res-

---

"La acción hipotecaria prescribe a los veinte (20) años, y las personales que no tengan señalado término especial de prescripción, a los quince (15)."

([³]) El Art. 1868 del Código Civil señala que prescribe por el transcurso de un (1) año:

"(2) La acción para exigir la responsabilidad civil por injuria o calumnia, y por las obligaciones derivadas de la culpa o negligencia de que se trata en la sec. 5141 de este título desde que lo supo el agraviado."

ponsabilidad que el arrendatario puede rebatir demostrando que la pérdida o deterioro de la cosa ocurrió sin culpa o negligencia suya. A esos efectos, G. Velázquez, en *Obligaciones y contratos según la legislación y la jurisprudencia puertorriqueñas*, Río Piedras, 1942, Vol. II, pág. 65, señala que:

> Una aplicación interesante de la obligación que tiene el arrendatario de responder del deterioro o pérdida de la cosa, *la hallamos en caso de incendio de la cosa. Así, si ésta se pierde o deteriora por causa de incendio*, por aplicación de los principios referidos, el arrendatario responderá del valor de la cosa, *a no ser que pruebe que el incendio provino de causa extraña, y no hubo por su parte culpa o negligencia.* (Énfasis suplido.)

En ese sentido, señala J. Castán Tobeñas, en *Derecho Civil español común y foral*, 14ta ed., Madrid, Ed. Reus, 1988, T. 4, pág. 321, que "[e]l arrendatario es responsable del deterioro o pérdida que tuviera la cosa arrendada, a no ser que pruebe haberse ocasionado sin culpa suya (Art. 1.563) ...".

De igual forma nos explica M. Albaladejo que:

> Una vez sentado que existen tales deterioros o pérdidas, por aceptarlo así el arrendatario o no haber podido probar que la cosa la recibió en tal estado, todavía podrá el arrendatario eximirse de responsabilidad probando que tal deterioro o pérdida se ha producido sin culpa suya (artículo 1.563) o por la acción del tiempo o por causa inevitable como dice el artículo 1.561. M. Albaladejo, *Comentarios al Código Civil y compilaciones forales*, Madrid, Ed. Edersa, 1980, T. XX, Vol. 1, pág. 411.

Este Tribunal reiteradamente ha seguido el mismo enfoque que la doctrina española al aplicar la norma para determinar la responsabilidad por la pérdida o deterioro de la cosa arrendada cuando se trata de una relación entre arrendador y arrendatario. Arts. 1445, 1449, 1451 a 1453 y 1458 del Código Civil, 31 L.P.R.A. secs. 4051, 4056, 4058 a 4060 y 4065; *Aseg. Lloyd's London v. Cía. Des. Comercial*, 126 D.P.R. 251 (1990); *Double AA Prop. Corp. v. E.L.A.*, 109

D.P.R. 235 (1979); *Ameco v. Jaress Corp.*, 98 D.P.R. 838 (1970); *Oller v. Purcell Bauzá*, 92 D.P.R. 148 (1965); *Goenaga v. West Indies Trading Corp.*, 88 D.P.R. 865 (1963); *Cabinero v. Cobián Theatres*, 81 D.P.R. 960 (1970); *Ruiz v. Umpierre*, 49 D.P.R. 270 (1935); *Del Valle v. M. González & Co.*, 39 D.P.R. 820 (1929); *Ramírez v. Muñoz*, 33 D.P.R. 362 (1924).

Las disposiciones del Código Civil que regulan el caso de autos exigen que determinemos, para la correcta solución final de la controversia ante nos, el "tipo de acción" que puede llevar la parte demandante para recobrar la indemnización por los daños sufridos a la cosa arrendada.

## III

La respuesta a esta interrogante requiere analizar y distinguir entre las acciones *ex delicto* (responsabilidad extracontractual) y acciones *ex contractus* (responsabilidad contractual).

A modo introductorio, veamos la manera en que Ricardo de Ángel Yagüez, en *La Responsabilidad Civil*, nos explica esa distinción:

> El *no causar daño a los demás* es, quizá, la más importante regla de las que gobiernan la convivencia humana ... [e]l autor del daño responde de él, esto es, se halla sujeto a *responsabilidad*. [E]n principio, la responsabilidad se traduce en la *obligación de indemnizar* o reparar los perjuicios causados a la víctima ... [u]na sencilla reflexión... nos permite vislumbrar dos grandes grupos o categorías de actos dañosos: de un lado, los que consisten en incumplir un pacto; de otro, los que se producen en el desarrollo de cualesquiera actividades humanas, pero al margen de toda relación jurídica previa entre dañador y víctima. En el primer caso [nos referimos a la] responsabilidad contractual [mientras que en el segundo caso] a la responsabilidad extracontractual ... . R. de Ángel Yagüez, *La Responsabilidad Civil*, Bilbao, Universidad de Deusto, 1988, págs. 21–22.

■ En reiteradas ocasiones este Tribunal ha expresado que las "acciones derivadas de contratos tienen por objeto que se cumplan las promesas contractuales sobre las que las partes de un contrato otorgaron su consentimiento". *Santiago Nieves v. A.C.A.A.*, 119 D.P.R. 711, 716 (1987). La culpa o negligencia a que se refiere el Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141,[4] es aquella no relacionada con una obligación anterior y que daba lugar a las acciones que, hasta la publicación del Código Civil español, se conocían con el nombre de cuasidelitos y, antiguamente, en el Derecho Común se denominaban *ex delicto. Arroyo v. Caldas*, 68 D.P.R. 689 (1948). Sin embargo, la "culpa extracontractual no nace de la voluntad de las partes, sino del incumplimiento de unas obligaciones y unos deberes impuestos por la naturaleza y por la ley, necesarias a la convivencia social". H.M. Brau del Toro, *Los daños y perjucios extracontractuales en Puerto Rico*, 2da ed., San Juan, Pub. J.T.S., 1986, Vol. 1, Cap. I, pág. 42.

■ El Código Civil de Puerto Rico, al igual que el español, distingue entre los daños derivados del incumplimiento de contrato, Art. 1054 del Código Civil, 31 L.P.R.A. sec. 3018,[5] y los daños derivados de la culpa extracontractual, Art. 1802, ante. En ambas situaciones, la "indemnización de daños exige una conducta antijurídica causante de los daños, bien por infringir lo acordado en contrato o bien por infringir el principio general *alterum non laedere* [(no causar daño a nadie)]. ... [De igual forma, e]l deber de indemnizar por infracción de contrato se desenvuelve den-

---

(4) El Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141, dispone lo siguiente:

"El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado. La imprudencia concurrente del perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización."

(5) El Art. 1054 del Código Civil, 31 L.P.R.A. sec. 3018, dispone lo siguiente:

"Quedan sujetos a la indemnización de los daños y perjuicios causados, los que en el cumplimiento de sus obligaciones incurrieren en dolo, negligencia o morosidad, y los que de cualquier modo contravinieren al tenor de aquéllas."

tro del ámbito de la preexistente relación; en cambio, cuando la indemnización deriva de acto ilícito, la relación obligatoria surge por primera vez al producirse el daño. En ambos casos el deber de resarcimiento se incluye en el marco de una relación obligatoria; pero en un caso se trata de una obligación delictual y en otro de una relación contractual". (Escolio omitido.) J. Santos Briz, *La responsabilidad civil*, Madrid, Ed. Montecorvo, 1981, págs. 87–90.

Nuestro ordenamiento, naturalmente, trata de manera diferente estas dos (2) situaciones. Una de las distinciones más importantes es el plazo prescriptivo que emana de cada una de las responsabilidades. Conforme expresáramos anteriormente, la acción por incumplimiento de contrato prescribe a los quince (15) años conforme al Art. 1864, ante, y la acción *ex delicto* prescribe al año conforme al Art. 1868, ante.

Por tal razón, la tarea de calificar adecuadamente el tipo de acción de la cual se trata, cobra mayor importancia. Hay ocasiones en que la diferencia entre ambas acciones es de fácil determinación, pues sólo basta determinar la existencia de una relación jurídica previa. Ahora bien, cuando se ha producido un daño, que además de quebrantar las normas de convivencia social constituye incumplimiento de una obligación contractual entre las partes, la determinación de si procede una acción *ex delicto* o *ex contractu* se torna un tanto difícil.

Ello no obstante, debe mantenerse presente que los citados preceptos del Código Civil que regulan la culpa contractual y la extracontractual, responden a un principio común de derecho y a una misma finalidad reparadora. *Prieto v. Maryland Casualty Co.*, 98 D.P.R. 594 (1970); *Ramos v. Carlo*, 85 D.P.R. 353 (1962); *Irizarry v. Pueblo*, 75

D.P.R. 786 (1954);(<sup>6</sup>) Brau del Toro, *op. cit.*, pág. 42. De igual modo se ha expresado el Tribunal Supremo de España en la Sentencia de 24 de marzo de 1952 y la Sentencia de 30 de diciembre de 1980. A esos efectos, tratadistas como Manresa, Santos Briz y otros discuten *la doctrina de la unidad de concepto* de la culpa civil. En *Prieto v. Maryland Casualty Co.*, ante, en la nota al calce Núm. 2, citamos a Manresa, en la pág. 620, a los efectos de que:

> "Si partimos del sentido unitario que hemos dado a la noción de culpa, como algo que ha de concurrir para que la responsabilidad pueda declararse, observaremos la falta de fundamento para conceder tanta importancia, como muchas veces le damos, a la clasificación de la culpa en contractual y extracontractual, en esencia una misma, sin que neguemos presenten al ponérseles en juego con las respectivas situaciones de una y otra clase, ciertas particularidades, y que respecto a la llamada "aquiliana" hayan de observarse en primer lugar las normas de los Arts. 1.902 y siguientes, cual advierte el 1.093, ya comentado. Pero nada de ésta es obstáculo para impedir la división más allá de lo necesario de esa entidad, culpa que siempre ha de combinarse con la idea responsabilidad y la acción u omisión determinante del incumplimiento, para llegar al resultado, o sea la obligación de indemnizar; y en cuya función ha de operar siempre para que tal obligación pueda estimarse."

De igual manera, Santos Briz, *op. cit.*, pág. 97, nos señala que

> ...la sentencia de 3 de octubre de 1967... declaró que "cualquiera que sea la calificación de la culpa, la responsabilidad alcanza a los actos propios y a los de aquellas personas de quienes se debe responder por hechos de intervención en el cumplimiento material del contrato", con lo cual el T.S. no niega aplicar a un caso de culpa derivado de contrato de transporte el precepto del artículo 1.903 [1803 nuestro] del C.c.

■ Este Tribunal resolvió, en el citado caso de *Prieto v.*

---

(<sup>6</sup>) En estos casos, este Tribunal expresó que la doctrina de negligencia comparada aplica tanto a casos de responsabilidad contractual como extracontractual por virtud de las disposiciones de los Arts. 1802, 1042, 1056 y 1057 del Código Civil, 31 L.P.R.A. secs. 5141, 2992, 3020 y 3021.

*Maryland Casualty Co.*, pág. 619, que el mero hecho de que medie una acción torticera como consecuencia del incumplimiento de la obligación contractual no altera la naturaleza de la acción. En *Camacho v. Iglesia Católica*, 72 D.P.R. 353 (1951), y *Maldonado v. Municipio de Ponce*, 39 D.P.R. 247, 250 (1929), explicamos que "[e]l fundamento de la acción fue la profanación por parte del demandado de la tumba previamente vendida y entregada a los demandantes. Cuando el municipio abrió el nicho y trasladó los restos de allí, no sólamente cometía un acto dañoso (tort), sino que también quebrantaba el contrato de compraventa [o arrendamiento]".

En el contexto de la relación contractual entre un arrendador y su arrendatario hemos expresado que esto no impide, en casos apropiados, la acción en daños y perjuicios bajo el Art. 1802 del Código Civil, ante. Véase *Torres v. Fernández*, 56 D.P.R. 482 (1940), y *Oller v. Purcell Bauzá*, ante.

## IV

En torno a la distinción entre ambas acciones, consideramos conveniente auscultar lo resuelto por el Tribunal Supremo de España respecto a ello.

En la Sentencia de 26 de enero de 1984 y la de 20 de febrero de 1964, dicho Tribunal expresó que el Art. 1902 (1802 nuestro) y siguientes, son inaplicables cuando se trata de hacer efectiva la culpa derivada de contrato.[7]

---

[7] En la Sentencia de 26 de enero de 1984 señaló que:

"[L]a culpa contractual puede ir precedida de una relación jurídica que no sea un contrato sino de otra clase ... pues la regla general es la aplicación preferente de los preceptos acerca de la responsabilidad contractual: existiendo obligación derivada de contrato o de relación [jurídica] precedente análoga no hay que acudir a los arts. 1902 y 1903, [(1802 y 1803 nuestros)] que rigen las obligaciones que nacen de culpa o negligencia sin existir pacto contravenido." (Énfasis suprimido.) S. de enero de 1984, Núm. 386, LX (Vol. I) Repertorio de Jurisprudencia 265, 266.

En la Sentencia de 20 de febrero de 1964 el Tribunal explicó lo siguiente:

Esta posición parte de la teoría de la incompatibilidad de la culpa contractual y extracontractual. Así también se desprende de las Sentencias de 4 de octubre de 1953, de 15 de junio de 1962, de 11 de marzo de 1967, de 12 de marzo de 1926, y otras.

■ En contraposición a esa doctrina ha surgido *la teoría de la concurrencia de acciones de resarcimiento originadas en un contrato y a la vez en un acto ilícito extracontractual.* Según ésta, y conforme lo expresa Santos Briz, para que el perjudicado pueda optar entre una u otra acción tienen que darse los siguientes supuestos de hechos o requisitos:

> 1. Que el hecho causante del daño sea al mismo tiempo incumplimiento de una obligación contractual y violación del deber general de no causar daño a otro, es decir, violación de un deber con abstracción de la obligación contractual que se daría aunque ésta no hubiere existido.
> 2. El perjudicado por efecto de la doble infracción (contractual y delictual) ha de ser la misma persona, es decir, el acreedor contractual..."
> 3. Por último, es también necesario que la doble infracción haya sido cometida por una misma persona, el deudor contractual ....
> *No se trata de exigir en ningún caso dos responsabilidades, sino de optar entre el ejercicio de acciones que tienden al mismo fin.*
> Santos Briz, *La Responsabilidad Civil,* Ed. Montecorvo, 1981, pág. 93. (Énfasis suplido.)

En cuanto a la aplicación de esta doctrina, resultan particularmente ilustrantes las Sentencias del Tribunal Su-

---

"...este precepto [(Art. 1802 nuestro)] sancionador del principio 'nominen laedere' ... sólo es aplicable para corregir o reparar el daño producido por un acto antijurídico contrario a las relaciones impuestas por la convivencia social, pero no cuando los contendientes estén íntimamente ligados por un convenio anterior por entrar entonces en juego el art. 1101, de dicho Código ... sin que sea factible ejercitar simultáneamente las acciones conferidas por ambas normas legales a[u]n cuando la lesión originada provenga de un mismo hecho (S. de 3 [de] junio [de] 1962) y sin que en los supuestos de responsabilidades emanadas del incumplimiento de obligaciones se someta al plazo de prescripción a la regla contenida en el n°2° del art. 1968, sino a la consignada en el [artículo] 1964 de carácter general para las acciones personales." S. de 20 de febrero, Núm. 1038, XXXI (Vol. I) Repertorio de Jurisprudencia 636, 637.

premo de España de 16 de diciembre de 1986, 19 de junio de 1984, 9 de marzo de 1983, 30 de diciembre de 1980 y 24 de junio de 1969. La causa de acción de los demandantes en estos casos fue radicada bajo el Art. 1902 (1802 nuestro) del Código Civil español. Posteriormente, los demandados alegaron la inaplicabilidad del Art. 1902, ya que la acción procedente, alegadamente, era la contractual bajo el Art. 1101 (1054 nuestro) del Código Civil. El Tribunal Supremo español resolvió que aunque exista una relación contractual entre las partes, se permite la acción bajo el Art. 1902 (1802 nuestro), por lo que se da la concurrencia de acciones entre la responsabilidad contractual y la extracontractual. *Es importante reiterar que no se trata de exigir dos (2) responsabilidades, sino simplemente elegir entre una u otra de las acciones que tienden al mismo fin.*[8]

---

[8] Es de notar que las Sentencias del Tribunal Supremo de España de 19 de junio de 1984, 9 de marzo de 1983 y 24 de junio de 1969 *tratan del incendio de una propiedad arrendada.* En la Sentencia de 19 de junio de 1984, en lo pertinente, se señala:

"... no es bastante que haya un contrato (o una preexistente relación de otra naturaleza) entre las partes para que la responsabilidad contractual opere con exclusión de la aquiliana, sino que se requiere para ello que la realización del hecho dañoso acontezca dentro de la rigurosa órbita de lo pactado y como preciso desarrollo del contenido negocial, pues si se trata de negligencia extraña a lo que constituye propiamente materia del contrato, desplegará aquélla sus efectos propios; o, *en otras palabras, que puede darse la concurrencia de ambas clases de responsabilidades en yuxtaposición que no desaparece sino cuando el acto causante se presenta con entera abstracción de la obligación preexistente y operaría y lo haría con las mismas extensión e intensidad aunque ésta no hubiera existido nunca* (supuesto de responsabilidad aquiliana pura) presentándose como violación únicamente del deber general de no dañar a nadie; mientras que se da la responsabilidad contractual pura cuando el hecho sólo y únicamente se presenta como infracción de una de las obligaciones pactadas de tal suerte que el determinar el incumplimiento de la obligación depende íntegramente de la misma siendo inimaginable su encuadramiento dentro del general deber de no dañar a otro; concibiéndose un "tertius genus" en que el hecho dañoso es inescindiblemente incumplimiento de deber contractual y violación, insegregable de aquél, del deber general de no causar daño a otro; y si la separación de los dos regímenes es obligada e inconcebible la coexistencia en los casos de las dos primeras clases consideradas (por lo cual y dentro de la profusa casuística contemplada por la Jurisprudencia, no existe asomo de confusión), no puede predicarse igual tratamiento en punto a la clase últimamente definida, pues la existencia de la relación preexistente y su correlativo régimen jurídico no es bastante a eliminar la responsabilidad aquiliana presente a través de todos sus elementos definidores y operante, en yuxtaposición con aquélla aunque en ámbitos diferentes; pudiendo también entenderse, desde otra óptica, que, detrás de los deberes contractuales o por otro concepto preexistentes y cuya infracción apareja responsabilidad de la especie llamada con-

# V

Hoy reiteramos la norma establecida por este Tribunal a los efectos de que únicamente procede la acción en daños contractuales (Art. 1054) cuando el daño sufrido exclusivamente surge como consecuencia del incumplimiento de una obligación específicamente pactada, daño que no ocurriría sin la existencia del contrato. Ahora bien, resolvemos que resulta procedente una reclamación de daños extracontractuales como resultado del quebrantamiento de un contrato, si el hecho causante del daño constituye una violación del deber general de no causar daño a otro(9), y, a la vez, incumplimiento contractual.

En lo que respecta a la *situación* que plantea el

---

tractual, aunque incluyéndose en ella todas las originadas por una relación preexistente y en sus consecuencias todas aquéllas que sean pertinentes a su naturaleza y la integren y ensanchen hasta sus propios confines, subsiste, como fondo, la extracontractual, completando a la primera e integrando los elementos todos conducentes a un pleno y satisfactorio resarcimiento sin otro límite que la indemnidad del patrimonio económico o evitación del enriquecimiento." (Énfasis en el original suprimido y énfasis suplido.) S. de 19 de junio de 1984, Núm. 3250, LI (Vol. II) Repertorio de Jurisprudencia 2482, 2483.

(9) A esos efectos nos señala la Sentencia del Supremo de España de 16 de diciembre de 1986:

"Si bien es doctrina de esta Sala ... que existiendo obligación derivada de contrato no hay que acudir al artículo 1902 [(1802 nuestro)] citado; sin embargo hay supuestos...en que *no basta que haya un contrato entre las partes para que la responsabilidad contractual opere necesariamente con exclusión de la culpa aquiliana, sino que se requiere para que ello suceda...la realización de un hecho dentro de la rigurosa órbita de lo pactado y como desarrollo del contenido negocial,* lo que no puede predicarse del supuesto fáctico contemplado, en que sobrevino el hundimiento de la techumbre del edificio en que radica la vivienda del recurrente, obligando a sus moradores a abandonarla rápidamente, pretendiendo en esta litis que se declare una obligación de indemnizar a consecuencia de la actuación culposa de la arrendadora, indemnización que ha de declararse, tanto si se trata de infracción contractual como si es extracontractual, según afirmó la sentencia de 8 de junio de 1962 (R.2762). b) En el supuesto ahora visto se *ejercitó la acción extracontractual y de manera complementaria se invocó también el contrato arrendaticio,* pero no *debe olvidarse que el artículo 1101 [(1054 nuestro)] sancionador de la infracción contractual es aplicable a toda clase de obligaciones cualquiera que sea su origen* —sentencia de 5 de enero de 1949 (R.83)— y lo mismo los artículos 1103 y 1104 del citado cuerpo legal, y que como declaró la sentencia de 21 de enero de 1964, está bien aplicado el artículo 1902 aunque en la demanda por argumento "ad maiorem", se invoquen artículos sobre responsabilidad contractual." (Énfasis en el original suprimido y énfasis suplido.) S. de 16 de diciembre de 1986, Núm. 7447, LIII (Vol. V) Repertorio de Jurisprudencia 7270, 7271.

caso ante nuestra consideración, resolvemos que en casos del incendio de una propiedad arrendada *puede* darse la concurrencia de ambas acciones, o elección de remedios, entre la responsabilidad contractual y la responsabilidad aquiliana, siempre y cuando se cumplan los tres (3) requisitos esbozados anteriormente por Santos Briz. Los daños que sufre la propiedad arrendada como consecuencia de un siniestro crean un deber de parte del (o los) causante(s) del daño de indemnizar al perjudicado (arrendador), *si en la ocurrencia de dicho incendio intervino culpa o negligencia* conforme a los Arts. 1054, 1802 y 1453 del Código Civil, ante. En estos casos aplica la doctrina de la concurrencia de acciones, ya que el hecho causante del daño (incendio ocurrido a las edificaciones arrendadas) es al mismo tiempo incumplimiento de una obligación contractual y violación del deber general de no causar daño a otro. El demandante, acorde con los hechos particulares del caso, puede escoger entre las distintas acciones que tiene disponibles, dependiendo de cuál es la que mejor le ayuda a vindicar sus derechos.([10])

En relación con el *caso específico* ante nuestra consideración, tenemos que entre el demandante, Sr. Ramos Lozada y la demandada, Orientalist Rattan Furniture, Inc. existía una relación contractual. El fundamento o alegación principal de la acción radicada por el demandante arrendador es que el hecho del fuego se debió a la exclusiva negligencia del Sr. Pedro Claudio Vázquez, codemandado en su carácter personal y dueño de Orientalist Rattan Furniture, Inc.([11]) Como hemos indicado anteriormente, las

---

([10]) Las acciones por impericia profesional —abogados, médicos, etc.— se rigen por el Art. 1802 del Código Civil, *supra*, independientemente de que esté envuelto o no un contrato. *Rivera v. Dunscombe*, 73 D.P.R. 819, 838 (1952); *Sáez v. Municipio de Ponce*, 84 D.P.R. 535, 543 (1962); *Colón Prieto v. Géigel*, 115 D.P.R. 232, 238 (1984); *Chévere v. Cátala*, 115 D.P.R. 432, 445 (1984).

([11]) Reiteradamente hemos expresado que, *a los fines de disponer de una moción de desestimación*, tienen que presumirse como ciertos los hechos bien alegados en la demanda. *Unisys v. Ramallo Brothers*, 128 D.P.R. 842 (1991); *Granados v. Rodríguez*

disposiciones de los citados Arts. 1445, 1451, 1453, 1455 y 1458 del Código Civil, regulan los hechos de este caso. Estos artículos establecen el deber y la obligación que tiene el arrendatario de cuidar la cosa arrendada como un buen padre de familia y le imponen la obligación de responder por los daños sufridos a la propiedad a menos que no medie culpa o negligencia de su parte.(¹²)

Por estas razones, no cabe la menor duda de que en el caso de autos existe una obligación contractual de parte del arrendatario de indemnizar por los daños y perjuicios sufridos a la propiedad *si el incendio se debió a su culpa o negligencia*. En virtud de que en el presente caso se da la concurrencia de acciones entre la responsabilidad contractual y aquiliana, el demandante, Sr. Ramos Lozada podía, y como tal optó por, ejercer la acción de daños por incumplimiento de contrato bajo el citado Art. 1054 del Código Civil. Por ello, erró el tribunal de instancia *al desestimar*, en la etapa que lo hizo, la demanda radicada como consecuencia de su errónea conclusión a los efectos de que la única acción que podía ejercitar el demandante era la acción extracontractual que brinda el citado Art. 1802.

Resolvemos que, conforme las alegaciones de la de-

*Estrada I*, 124 D.P.R. 1 (1989); *Ramos v. Marrero*, 116 D.P.R. 357 (1985); *First Fed. Savs. v. Asoc. de Condómines*, 114 D.P.R. 426 (1983).

(¹²) Si asumimos, para efectos de la discusión, lo resuelto por la sala sentenciadora de que las Cláusulas 6, 7, y 8 del contrato de arrendamiento sólo constituyen una cita de los anteriores artículos, es norma claramente establecida que los contratantes no sólo están obligados por las cláusulas que otorgaron, sino que esa obligatoriedad se hace extensiva a todas las consecuencias que aun no expresadas, se derivan de la naturaleza del contrato, conforme a la buena fe, al uso y a la ley. Art. 1210 del Código Civil, 31 L.P.R.A. sec. 3375; *Velilla v. Pueblo Supermarkets, Inc.*, 111 D.P.R. 585 (1981); *Ramírez v. Club Cala de Palmas*, 123 D.P.R. 339 (1989); *Unisys v. Ramallo Brothers*, ante; *Ocasio Juarbe v. Eastern Airlines, Inc.*, 125 D.P.R. 410 (1990).

A esos efectos, Puig Brutau nos señala, "[p]or consiguiente, además de los requisitos esenciales, directamente imputables a la voluntad de las partes … existen otros elementos, llamados naturales, que concurren de manera espontánea si las partes no lo han exclu[i]do". J. Puig Brutau, *Fundamentos de Derecho Civil*, Barcelona, Ed. Bosch, 1954, T. II, Vol. I, pág. 55. Añade el distinguido autor "que las reglas de derecho supletorio completan el contrato y contribuyen a la producción de sus efectos". Íd.

manda radicada, a la acción que a esos efectos presentó el demandante arrendador en daños contractuales bajo el Art. 1054 del Código Civil, le aplica la prescripción general de quince (15) años que establece el Art. 1864 del referido Código. *Santiago Nieves v. A.C.A.A.*, 119 D.P.R. 711 (1987); *Rosario Quiñones v. Municipio de Ponce*, 92 D.P.R. 586 (1965); *Lugo Falcón v. E. M. Amy & Sons, Inc.*, 87 D.P.R. 556 (1963); *Saavedra v. Central Coloso, Inc.*, 85 D.P.R. 421 (1962); *Camacho v. Iglesia Católica*, ante. Al haber sido presentada, cuatro años y medio (4½) después del siniestro, *la acción del demandante no estaba prima facie prescrita.*

Por los fundamentos antes expresados, *se expide el auto de revisión solicitado y se revoca la sentencia emitida en el presente caso por el tribunal de instancia, devolviéndose el caso a dicho foro para la continuación de procedimientos consistentes con lo aquí resuelto. Se dictará sentencia de conformidad.*

Los Jueces Asociados Señores Negrón García y Fuster Berlingeri concurrieron con el resultado sin opinión escrita.