Aponte Jiménez, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
Los demandados-peticionarios, Segundo Rodríguez y Hulvia Rodríguez, nos solicitan que revisemos una resolución del Tribunal de Primera Instancia, Sala Superior de San Juan, que les denegó la moción de desestimación de la demanda que presentaron basada en que la causa de acción en daños alegada en su contra está prescrita por tratarse de una acción al amparo del Art. 1802 del Código Civil, 31 L.P.R.A. sec. 3641, y que es improcedente reclamar daños por sufrimientos y angustias mentales como resultado de un incumplimiento de contrato. Por los fundamentos que a continuación discutimos, acordamos denegar la expedición del auto de certiorari solicitado.
Los eventos procesales del presente caso son los siguientes: La demandante Norma Iris Rodríguez presentó una demanda contra el señor Rodríguez y la señora Rodríguez. Alegó que arrendó de éstos un apartamento por $250 mensuales en el 1988. Adujo que el sistema eléctrico de dicho apartamento estaba conectado al de otro. Como resultado estuvo pagando por diez (10) años el consumo de energía eléctrica de los inquilinos del apartamento contiguo, cantidad que estimó en $15,000. Añadió que se percató de la situación cuando un día, al encontrarse sin servicio de energía, contrató un perito electricista para que examinara el problema. Este, según alega ella, le informó que la falta de energía se debía a que el sistema de electricidad de su apartamento estaba conectado al del lado y al darse de baja el servicio de este último, su apartamento se quedó sin servicio. Incluyó en la demanda otras reclamaciones por concepto de reparaciones realizadas que competía al arrendador efectuar. Le solicitó al tribunal una indemnización por los $15,000 que pagó más $25,000 por los sufrimientos y angustias mentales que alegadamente sufrió como resultado de lo anterior.
Los demandados comparecieron. Negaron tales alegaciones. Admitieron que de acuerdo con la información obtenida de un perito electricista contratado por ellos, a instancia de la demandante, existía un receptáculo en el apartamento contiguo al de ella que estaba conectado a su sistema eléctrico. Posteriormente, presentaron una solicitud de desestimación parcial. Afirmaron que aun asumiendo como ciertas las alegaciones de la demandante y sus contestaciones a un interrogatorio, siendo su reclamación por sufrimientos y angustias mentales de naturaleza extracontractual, regida por el Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141, la causa de acción está prescrita por virtud del Art. 1868 del mismo cuerpo de leyes, 31 L.P.R.A. sec. 5298. Apoyan su contención en que la demandante se percató del alegado defecto en el sistema eléctrico el 29 de octubre de 1996, más de un (1) año antes de presentar la demanda. Arguyen, de otro lado, que los daños por sufrimientos y angustias mentales solicitados por la demandante no proceden. Sostienen que en Puerto Rico no se compensan daños de esa naturaleza en reclamaciones por el incumplimiento de un contrato.
*722 La demandante se opuso. Argumentó que al tratarse de una reclamación de daños que emana de un contrato de arrendamiento, su término de prescripción se fija en quince (15) años de acuerdo al Art. 1864 del Código Civil, 31 L.P.R.A. sec. 5294. En relación con lo alegado sobre la improcedencia de los daños por angustias mentales en reclamaciones por incumplimiento de contrato, no se expresó en el escrito de oposición.
El tribunal a quo, haciendo referencia a la oposición presentada, denegó la solicitud de desestimación de los demandados. Inconformes, éstos acuden ante este Foro. Señalan que incidió el tribunal recurrido al denegar la desestimación solicitada. Insisten ante nos que. la reclamación de daños por angustias mentales como resultado de los defectos del sistema eléctrico está prescrita. Utilizan los mismos principios y argumentos esgrimidos ante el Tribunal de Primera Instancia en su solicitud de desestimación. Su tesis descansa en que la reclamación de la demandante en tomo a las angustias mentales por el pago de electricidad del apartamento contiguo es una de naturaleza extracontractual que prescribió al año de ella haberse percatado del problema en el año 1996. Nos corresponde, en cuanto a ese error levantado, examinar si dicha reclamación es de naturaleza extracontractual o, por el contrario, como propone ante este Foro la demandante-recurrida, es de génesis contractual.
Las reclamaciones extracontractuales se fundan en el quebrantamiento de un deber impuesto por la ley mediante un acto negligente o culpable al margen de toda relación jurídica previa entre las partes. Ramos v. Orientalist Rattan Furniture, Inc., 130 D.P.R. 712, 721 (1992). Véase, Santiago Nieves v. A.C.A.A., 119 D.P.R. 711, 716-717 (1987). En esos casos, la relación obligatoria surge por primera vez al producirse el daño. Por el contrario, las reclamaciones de índole contractual se refieren al quebrantamiento de un deber expreso o implícito de un contrato. Para enfatizar, el Tribunal Supremo expresó en Ramos v. Orientalist Rattan Furniture, supra, que “[l]a culpa o negligencia a que se refiere el Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141, es aquella no relacionada con una obligación [contractual] anterior y que daba lugar a las acciones que, hasta la publicación del Código Civil español, se conocían con el nombre de cuasidelitos y antiguamente en el Derecho Común se denominaban ex delicto. ” (Escolios y citas omitidas.) Id., a las págs. 722 y 723.
En los contratos de arrendamiento es obligación del arrendador entregar al arrendatario la cosa objeto del arrendamiento y hacer en ella durante el término fijado todas las reparaciones necesarias a fin de conservarla en estado de servir para el uso a que ha sido destinada. Id., Art. 1444 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 4051. La obligación de entregar la cosa arrendada exige que ésta se encuentre en tal condición que permita al arrendatario el disfrute que se propuso. Cole v. Escambrón Development Corp., 73 D.P.R. 520, 529 (1952). Compete al arrendador entregar la cosa arrendada libre de vicios que impidan o dificulten su goce pacífico. Geonaga v. West Indies Trading Corp., 88 D.P.R. 865, 899 (1963). De tener la cosa arrendada vicios ocultos, el arrendador responde. Véanse, Arts. 1443 y 1363 del Código Civil, 32 L.P.R.A. secs. 4038 y 3831.
La reclamación de marras surge, en parte, como resultado de estar conectado a un apartamento contiguo el servicio de electricidad del apartamento arrendado a la demandante y en parte por las reparaciones que omitió realizar el arrendador y que ella tuvo que llevar a cabo. Según la demanda presentada, la demandante contrató un perito electricista quien descubrió la conexión en el apartamento contiguo. Ello provocó, alegadamente, que al ésta enterarse que estuvo pagando por la electricidad que consumieron los ocupantes del apartamento contiguo le causara angustias mentales. Esa causa de acción reclama una indemnización que tiene como base la obligación del arrendador de entregar la propiedad libre de vicios ocultos, poner al arrendador en el disfrute pacífico y absoluto de la propiedad arrendada y repararlo. Se desenvuelve dentro del ámbito de un vínculo preexistente. No se deriva de un acto ilícito desligado de la relación contractual existente. Proveniendo la acción presentada, a tenor de las alegaciones de la demanda, de la obligación que genera el contrato de arrendamiento a favor de la parte demandante, la misma no está prescrita como sostienen los demandados-peticionarios. Tal causa de acción se reclama como consecuencia de la falta del arrendador en cumplir con su *723 obligación de asegurar al arrendatario que sólo pagará por el servicio de energía utilizado en su apartamento y no por el de otros y de llevar a cabo las reparaciones necesarias.
De otro lado, el Art. 1054 del Código Civil, 31 L.P.R.A. sec. 3018, contempla la situación. Provee para que estén sujetos a la indemnización de los daños y perjuicios causados todos los que en el incumplimiento de sus obligaciones incurran en dolo, negligencia o morosidad. Id. En clara alusión a la aplicación de dicho precepto a los hechos que nos ocupan, el Tribunal Supremo en Prieto v. Maryland Casualty Co., 98 D.P.R. 594 (1970) expresó que “[e]l mero hecho de que medie acción torticera como consecuencia del incumplimiento de la obligación contractual no altera la naturaleza de la acción. ” Al así dictaminar se reafirmó en lo resuelto antes en los casos de Camacho v. Iglesia Católica, 72 D.P.R. 353 (1951) y Arroyo v. Caldas, 68 D.P.R. 689 (1948) referente a que estas disposiciones legales tienen su aplicación en aquellas acciones judiciales en las cuales exista un antecedente contractual. Las mismas han sido aplicadas a las acciones de daños y perjuicios que tienen como base el quebrantamiento del incumplimiento de una obligación contractual. Prieto v. Maryland Casualty Co., Id., a la pág. 619; Camacho v. Iglesia Católica, Id., a la pág. 363 y Arroyo v. Caldas, Id., a las págs. 692 y 633; Cf., Rosario Quiñones v. Municipio de Ponce, 92 D.P.R. 586 (1965); Puig Brutau, Fundamentos de Derecho Civil, Bosh, Barcelona, 2da. ed., to. 1.2, pág. 53.
Aplicando la norma enunciada a la situación que nos ocupa, no se cometió el error apuntado. La reclamación establecida en la demanda presentada alude a las violaciones del contrato de arrendamiento como causantes de los sufrimientos y angustias mentales reclamados. Las reparaciones realizadas por la demandante a los fines de conservar el inmueble arrendado en estado de acuerdo al uso destinado y a los fines de mantenerla en el goce pacífico del inmueble y lo relacionado con la conexión del servicio de energía como la causa de los sufrimientos y angustias mentales alegadamente sufridas provienen de la omisión del arrendador de cumplir sus obligaciones. La naturaleza de la acción conforme la demanda presentada es contractual siendo su término prescriptivo el de quince (15) años a tenor del Art. 1864 del Código Civil, supra.
Concedido lo anterior, pasamos a atender el segundo señalamiento de los demandados-peticionarios. El mismo plantea que por ser ésta una reclamación por incumplimiento de contrato los daños por sufrimientos y angustias mentales no proceden en derecho. Tampoco tienen razón. Si bien originalmente nuestro ordenamiento no favoreció las indemnizaciones por sufrimientos y angustias mentales derivados de algún incumplimiento de contrato, desde Camacho v. Iglesia Católica, supra, se reconoció la indemnización de los daños morales previsibles que surjan de tal incumplimiento. Brau del Toro, Herminio, Los Daños y Perjuicios Extracontractuales en Puerto Rico, 2da. Edición, Publicaciones J.T.S., San Juan, 1986, a las págs. 44-45. Véanse, Mattei Nazario v. Miguel P. Vélez & Asoc., 98 J.T.S. 55, a la pág. 923; Prieto v. Maryland Casualty, supra.
La procedencia de dicha reclamación está, pues, estrechamente relacionada con si los daños que se reclaman por sufrimientos y angustias mentales pudieron ser previstos y si son claramente consecuencia necesaria de la falta de cumplimiento del contrato quedando sujeta la cuantía de tales daños a la prueba que sobre ellos se presente. De entrada y a los fines pertinentes, no podemos olvidar que la resolución recurrida entendió y resolvió una moción para desestimar presentada al amparo de la Regla 10.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 10.2. Sin evidencia ante nuestra consideración sobre dichos extremos, no estamos en condiciones para emitir juicio sobre esa particular reclamación de la demandante-recurrida. Será el tribunal a quo, en primera instancia, a quien corresponde emitir ese juicio luego de evaluar la prueba que se presente para sostener las alegaciones conforme a los principios aplicables.
Finalmente, al evaluar los méritos de una solicitud de desestimación, los hechos bien alegados en la demanda deben presumirse ciertos. Unisys Puerto Rico, Inc. v. Ramallo Brothers Printing, Inc., 128 D.P.R. *724 842 (1991); Ramos v. Marrero, 116 D.P.R. 357, 369 (1985). En cuanto a las alegaciones de la demanda, éstas se examinan de la manera más liberal y favorable al demandante. Sólo se desestimará la acción judicial cuando el promovente demuestre que el demandante no tiene derecho a un remedio bajo supuesto alguno de derecho concebible a la luz de los hechos que podría probar en un juicio en su fondo. Unisys Puerto Rico, Inc. v. Ramallo Brothers Printing Inc., supra; Cuevas Segarra, José A., Práctica Procesal Puertorriqueña: Procedimiento Civil, Publicaciones J.T.S., Supl. 1994, a la pág. 79.
Sin pasar juicio sobre la certeza de las alegaciones incluidas en la demanda presentada, las mismas, presumidas ciertas e interpretadas de la manera más liberal y favorable al demandante, como debe ser, configuran una causa de acción de daños y perjuicios contra la parte demandada por violaciones al contrato de arrendamiento. Los demandados-peticionarios, promoventes de la solicitud de desestimación, no nos han demostrado que en la etapa de los procedimientos a que se alude, la demandante no tiene remedio a un juicio plenario bajo supuesto alguno de derecho concebible considerando cualquier escenario factual que pueda dicha parte probar en su contra por la conducta alegada.
Con estos antecedentes, denegamos la expedición del recurso solicitado por los demandados-peticionarios.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2000 DTA 24
1. El Art. 1210 de nuestro Código Civil, 31 L.P.R.A. sec. 3375, dispone que: “Los contratos se perfeccionan por el mero consentimiento, y desde entonces obligan, no sólo al cumplimiento de lo expresamente pactado, sino también a todas las consecuencias que según su naturaleza sean conforme a la buena fe, al uso y ala ley. ”
2. No se nos escapa la inconsistencia de los planteamientos de los demandados-peticionarios. Para sostener el primer error señalado, proponen que la naturaleza de la causa acción en este caso es extracontractual. Para sostener su segundo planteamiento arguyen que la causa de acción es por incumplimiento de contrato.