# 2000 DTA 115

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL I DE SAN JUAN

JULIO LUIS CASTRO
Demandante-Apelante

v.

BANCO POPULAR DE P.R.
Demandado-Apelado

Núm. KLAN-99-01158

San Juan, Puerto Rico, a 29 de febrero de 2000

Panel integrado por su Presidenta, Jueza Fiol Matta,
la Jueza Rodríguez de Oronoz y el Juez González Román

Fiol Matta, Jueza Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El demandante, aquí apelante, Lcdo. Julio Luis lastro, nos solicita que revoquemos una sentencia imitida el 24 de septiembre de 1999 por el Tribunal de Primera Instancia, Sala Superior de San Juan, en la que se declaró con lugar una solicitud de desestimación presentada por el demandado Banco Popular de Puerto Rico. Examinado el expediente apelativo y el derecho aplicable, confirmamos la sentencia apelada.

### I

El 13 de octubre de 1998, el Lcdo. Julio Luis Castro (en adelante el Lcdo. Castro) radicó una demanda civil contra el Banco Popular de Puerto Rico (en adelante el Banco Popular) y Latin American Credit and Collection Bureau (en adelante el Collection Bureau). En la misma, el licenciado Castro manifestaba que había obtenido una tarjeta de crédito Visa emitida por el Roig Commercial Bank, la cual fue cancelada por falta de pago. [1] El licenciado Castro reconocía la deuda sobre el principal, pero no así la suma de intereses acumulados, alegando que había ocurrido una novación al cancelarse la tarjeta, convirtiéndose su obligación en un préstamo personal ordinario sujeto a una tasa de interés menor. Basándose en lo anterior, el licenciado Castro solicitó, entre otros remedios, que se le ordenara al Banco Popular fijar los intereses del balance adeudado a base de la tasa correspondiente a un préstamo personal ordinario que estaba vigente al momento de revocarse la tarjeta Visa.

El Banco Popular presentó Moción de Desestimación, el 28 de enero de 1999. En la misma alegaba que el contrato de la tarjeta Visa suscrito por Castro disponía el interés aplicable en estos casos y que no había ocurrido novación alguna. El licenciado Castro presentó demanda enmendada el 25 de enero de 1999. En ésta, sus alegaciones originales permanecieron esencialmente iguales, pero añadió alegaciones basadas en la ley federal llamada *"Truth in Lending Act"*, 15 U.S.C. sea. 1602 y s.s., y solicitó compensación por concepto de daños, angustias y sufrimientos.

El 19 de febrero de 1999, el Banco Popular presentó nuevamente una moción de desestimación, esta vez relacionada a la demanda enmendada. En dicha moción se reafirmó en su argumento original y sostuvo que las alegaciones de la demanda enmendada tampoco justificaban la concesión de un remedio. Además, el Banco Popular alegó que la causa de acción por daños, angustias y sufrimientos estaba prescrita. Castro replicó el 5 de abril de 1999, reafirmando su planteamiento en cuanto a la novación de su contrato de tarjeta Visa con el Banco Popular y argumentó que el período prescriptivo aplicable a su reclamación por daños era de quince (15) años, porque la controversia giraba *"en torno a la interpretación de un contrato y no en torno a actos negligentes y culposos"*. Finalmente, alegó que aunque estuviera predicada en el artículo 1802 del Código Civil, su acción no está prescrita, pues los daños alegados eran continuos.

El Banco Popular duplicó, reafirmando su posición en cuanto a la inexistencia de una novación modificativa del contrato suscrito con el licenciado Castro y reiterando su cumplimiento con las disposiciones del *"Truth in Lending Act"* y la prescripción de la acción incoada. Adujo que el apelante no había demostrado incumplimiento contractual alguno por parte del Banco, por lo cual no era de aplicación el término prescriptivo de quince (15) años. Además, señaló que una reclamación fundamentada en responsabilidad extra-contractual también estaría prescrita, independientemente de si los daños alegados son continuos o ciertos.

El 2 de septiembre de 1999, el Tribunal de Primera Instancia celebró vista y el 30 de septiembre del mismo año notificó sentencia desestimando la demanda con perjuicio. Dicha sentencia recogió, en esencia, los argumentos del Banco Popular mencionados anteriormente. Inconforme con ello, el licenciado Castro presentó su apelación, señalando que el tribunal de instancia erró al resolver que no hubo novación en el contrato y que la causa de acción estaba prescrita.

## II

No se requiere un análisis extenso para advertir la frivolidad de los planteamientos del apelante, tanto en cuanto a la alegada novación del contrato cuya violación da base a la presente acción como en cuanto a la prescripción de su reclamación de daños.

El licenciado Castro alega que su obligación original se tornó en un préstamo personal porque al revocársele los *"beneficios y privilegios que conlleva el poseer una tarjeta de crédito"*, se variaron las condiciones principales de su relación crediticia con el Banco. Es evidente que no tiene razón.

El Código Civil dispone que la novación es uno de los modos de extinción de las obligaciones. Artículo 1110 del Código civil, 31 L.P.R.A. sec. 3151. No obstante, la doctrina reconoce también una novación que es meramente modificativa. *Teachers Annuity v. Sociedad de Gananciales,* 115 D.P.R. 277 (1984); *Miranda Soto v. Mena Eró,* 109 D.P.R. 473 (1980). Más aún, la novación extintiva constituye la excepción, requiriéndose, para que ésta se produzca, *"que así se declare terminantemente"*, o que la obligación *"antigua y la nueva sean de todo punto incompatibles"*. Artículo 1158 del Código Civil, 31 L.P.R.A. sec. 3242. La incompatibilidad a la que se refiere la norma debe darse en cuanto a los términos esenciales de la obligación. *Constructora Bauzá, Inc. v. García López,* 129 D.P.R. 579 (1991); *Miranda Soto v. Mena Eró, supra.*

Al alegar *"variación en las condiciones principales de la obligación"*, el licenciado Castro intenta demostrar que ha obrado una novación de tipo modificativa. En cuanto a ésta, el artículo 1157 del Código Civil dispone como sigue:

*"Las obligaciones pueden modificarse:*

*(1) Variando su objeto o sus condiciones principales.*

*(2) Sustituyendo la persona del deudor.*

*(3) Subrogando a un tercero en los derechos del acreedor. 31 L.P.R.A. sec. 3241."*

Así, pues, en ausencia de una voluntad expresa de las partes en favor de que se sustituya una obligación anterior por una nueva, la novación modificativa ocurre cuando los términos esenciales de la obligación original y los de la posterior no son del todo incompatibles y está presente alguna de las circunstancias enumeradas. *Teachers Annuity v. Sociedad de Gananciales, supra*; *Marina Industrial v. Brown Boveri,* 114 D.P.R. 64 (1983). Contrario a la novación extintiva, la novación modificativa no extingue la obligación original.

Es doctrina establecida que *"el criterio jurisprudencial es el que juzga acerca de si han variado las condiciones principales, en suma, se deja a la apreciación de cada caso si una variación afecta a una*

*condición que ha de ser tenida por principal". Miranda Soto v. Mena Eró, supra*, a la pág. 480 (énfasis nuestro). Por tal motivo, la jurisprudencia no define lo que se considera un cambio en las condiciones principales del contrato, pero sí menciona algunos ejemplos, tales como variaciones en el objeto o el precio pactados en el contrato. *Id.*, a la pág. 479.

Partiendo de lo anterior, coincidimos con el tribunal de instancia en su conclusión de que no se han variado las condiciones principales del contrato de tarjeta Visa. La *"revocación de privilegios"* de la cual fue objeto el licenciado Castro, no equivale a una variación de una condición principal del contrato de tarjeta Visa; todo lo contrario, es una acción legítima del Banco Popular, con base en el propio contrato. El mismo apelante admite, en las alegaciones de la demanda, que su incumplimiento *"en cuanto a la forma y manera acordada de realizar los pagos, fue lo que dio base a que el Banco procediera según lo establecido en el contrato firmado válidamente entre ambas partes."*

Finalmente, la voluntad de novar es elemento indispensable de toda novación, sea entintiva o modificativa. Esta voluntad se puede manifestar de forma expresa o de manera tácita, cuando la obligación posterior resulta del todo incompatible con la anterior. De cualquier modo, dicha voluntad tiene que constar de manera clara e inequívoca y corresponde a quien la alega probarla de igual forma, pues la novación, en cuanto supone una renuncia de derechos, nunca se presume. Puig Brutau, *supra*, a las págs. 462-64. En el presente caso no ocurrió novación de tipo alguno. El licenciado Castro no ha demostrado la existencia de una obligación distinta a la original y es claro que no están presentes los elementos necesarios para la novación extintiva.

### III

Igualmente improcedente resulta el argumento del licenciado Castro en cuanto a que los daños por él alegados son ex contractu. El Código Civil de Puerto Rico distingue entre los daños derivados del incumplimiento de un contrato, Art. 1054, y los derivados del incumplimiento de unas obligaciones y deberes impuestos por la naturaleza y por la ley, Art. 1802. 31 L.P.R.A. secs. 3018 y 5141. Las acciones ex contractu se basan en la violación de un deber que surge de un contrato expreso o implícito y tienen el propósito de hacer cumplir las promesas sobre las cuales las partes otorgaron su consentimiento. *Ramos Lozada v. Orientalist Rattan Furniture*, 130 D.P.R. 712 (1992); *Ocasio Juarbe v. Eastern Airlines, Inc.*, 125 D.P.R. 410, 419 (1990). *"Si el daño surge exclusivamente como consecuencia del incumplimiento contractual, la acción de daños ex contractu sería el único remedio disponible." Mattei Nazario v. Vélez*, **98 J.T.S. 551,** Opinión de 7 de mayo de 1998.

Al considerar los hechos del presente caso en este contexto normativo, no cabe duda que el licenciado Castro no demostró incumplimiento contractual alguno por parte del Banco Popular e, inclusive, quedó establecido, mediante su propia admisión en las alegaciones de su demanda, que fue él quien incumplió con los pagos de su tarjeta Visa según establecido en el contrato.

Por otra parte, cualquier responsabilidad extracontractual del Banco por los daños alegados está prescrita, aunque fuera cierto el argumento del licenciado Castro de que dichos daños eran continuos. Ello es así porque, en este tipo de daño, *"[l]o determinante es el momento en el cual comienza la producción de los daños, el que deberá tomarse en consideración como el inicio del término de prescripción, presuponiendo que los perjudicados los conocían desde entonces y que pudieran ejercitar la causa de acción". Galib Frangie v. El Vocero*, **95 J.T.S. 71.** Opinión de 6 de junio de 1995.

Según Herminio M. Brau del Toro, daños continuos son *"aquéllos producidos por uno o más actos culposos o consecuencias lesivas ininterrumpidas, sostenidas, duraderas sin interrupción, unidas entre sí ...".* Herminio M. Brau del Toro, *Los daños y Perjuicios Extracontractuales en P.R.*, **Publicaciones JTS,** 1986, Vol. II, pág. 648 *et seq.* Por otro lado, el daño cierto *"es aquél cuya existencia se conoce o es razonablemente previsible, aunque no sea posible fijar con exactitud su extensión, magnitud y valoración". Id.*, a la pág. 642. Esto supone que un daño de cualquier tipo se convierte en uno cierto *"en cuanto es conocido subjetivamente o*

*cuando es previsible". Id.* A los daños ciertos les aplica, al igual que a los continuos, un período prescriptivo de un (1) año (Artículo 1868 del Código Civil, 31 L.P.R.A. sec. 5298) y el Tribunal Supremo ha interpretado que el inicio de dicho término prescriptivo se computa desde que el agraviado pudo ejercitar la acción, es decir, desde que tuvo conocimiento del daño y del elemento causante del mismo. *Colón Prieto v. Géigel,* 115 D.P.R. 232 (1984).

A la luz de lo anterior, el tribunal apelado no erró al resolver que la acción del licenciado Castro estaba prescrita. Coincidimos con la conclusión del tribunal de instancia en cuanto a que los daños alegadamente sufridos por el demandante son ciertos y no continuados, toda vez que era previsible que el Banco continuara cobrándole los intereses pactados y, además, el licenciado Castro tuvo conocimiento del cobro de los mismos desde más de un año antes de incoar la acción. De igual modo, aun bajo la teoría del licenciado Castro, su acción estaría prescrita, pues el término prescriptivo hubiera comenzado a correr desde que el licenciado Castro se enteró del cobro de los intereses, además del principal, y esto ocurrió más de un año antes de que instara la demanda.

Por los fundamentos anteriormente expuestos, se confirma la sentencia apelada y se impone al apelante el pago de quinientos (500) dólares en concepto de honorarios de abogado.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General