*1077 TEXTO COMPLETO DE LA SENTENCIA
La Asociación de Farmacias de la Comunidad, Inc. (la Asociación de Farmacias) presentó recurso de apelación en solicitud de la revocación de la sentencia del Tribunal de Primera Instancia, Sala Superior de San Juan, que desestimó su demanda contra Humana Health Plans of Puerto Rico, Inc. (Humana) y la Administración de Seguros de Salud (ASES). En la demanda, la Asociación de Farmacias y varias farmacias solicitaron injunction y sentencia declaratoria respecto a la relación contractual entre las farmacias demandantes y Humana. El tribunal, en fundamentada sentencia, concluyó que, aun asumiendo como ciertas las alegaciones de la demanda, las farmacias demandantes carecen de causa de acción que justifique los remedios solicitados.
Examinados los planteamientos de las partes y el expediente, a la luz del derecho aplicable, determinamos que procede confirmar la sentencia apelada.
I
Conforme el expediente, Humana es la aseguradora contratada por ASES para la implantación de la reforma de salud en la región sureste y central de Puerto Rico. A estos propósitos, tenía contrato con varias farmacias para proveer servicios a los beneficiarios de la reforma en la referida región. El contrato vigente entre las farmacias representadas por la Asociación de Farmacias y Humana vencía según sus términos el 31 de julio de 1999. Previo a su vencimiento, Humana les presentó una oferta de nuevo contrato. Las farmacias demandantes no estuvieron de acuerdo con la oferta.
La Asociación de Farmacias presentó demanda en solicitud de injunction y sentencia declaratoria en contra de Humana para que se declararan ilegales las propuestas del nuevo contrato. Esta demanda fue enmendada en dos ocasiones para incluir, en primer lugar, las cincuenta y nueve (59) farmacias representadas por la Asociación y, posteriormente, a las farmacias Mabel y Unity como demandantes y a ASES como co-demandada. De las demandantes, sólo la Farmacia Mabel había suscrito el contrato con Humana, aun cuando objetó sus términos y se reservó la facultad de cuestionar su legalidad.
La Asociación alegó en la demanda, en síntesis, que la oferta de renovación de contrato presentada por Humana contenía una fórmula de compensación mediante la cual las farmacias recibirían menos dinero por receta que con la fórmula utilizada en el contrato anterior. Planteó que ello les obligaría a vender por debajo de su costo y les privaría de una ganancia razonable. Objetó la cláusula de auditoría por extrapolación. Solicitó que se declararan ilegales las propuestas de contrato de Humana por ser contrarias a las leyes antimonopolísticas y sobre la reforma de salud. Reclamó que se declarara ilegal la clausula de extrapolación y se dictara una orden de injunction para que Humana hiciera una oferta compatible con las normas legales aplicables. Solicitó, además, la concesión de daños por la suma de veinte mil dolares ($20,000.00) por farmacia, por cada mes que estuvieran sin contrato con Humana.
Humana solicitó la desestimación de la demanda por diversos fundamentos. Luego de varios trámites procesales, el tribunal de instancia dictó sentencia desestimatoria. Determinó que las farmacias demandantes que no habían aceptado el nuevo contrato, no tenían legitimación activa para demandar, a excepción de la Farmacia Mabel. Fundamentó esa decisión en que al no suscribir el contrato, no habían sufrido un daño inminente. Dispuso, por tanto, que la controversia en cuanto a ellas, no estaba madura. No obstante, acogió y resolvió los méritos de la controversia entre las partes por entender que la Farmacia Mabel tenía legitimación *1078 activa y una acción para adjudicar.
El tribunal analizó extensamente las disposiciones sobre la reforma de salud y concluyó que no existía requisito legal alguno que le imponga a Humana la obligación de contratar un número específico de farmacias, tal como se exige para otros proveedores de servicios. Aclaró que conforme la ley de la reforma de salud, el derecho de libre selección es de los beneficiarios y no incluye a los proveedores de servicios, cuyos derechos emanan de los contratos que suscriban. Concluyó que no existía disposición en la ley de reforma, ni en cualquier otra, que prohíba a las partes pactar, u obligarse a cumplir con las cláusulas objetadas,- o base para determinar que éstas violan el orden público.
Por último, el tribunal rechazó las alegaciones de violación a la Ley de Monopolios, luego de analizar los planteamientos de la demanda a la luz de las disposiciones de ley correspondientes. Resolvió que no existe alegación alguna de la existencia de una conspiración para monopolizar los servicios farmacéuticos, la cual es indispensable para sostener lo imputado por las demandantes. Dispuso que al no ser Humana un competidor de las farmacias, no puede incurrir en la práctica predatoria de precios que se alega, ni tiene la probabilidad de reducir la competencia y crear un monopolio, elementos esenciales de las violaciones de ley alegadas.
En el recurso de apelación, la Asociación de Farmacias solicita que revoquemos la sentencia por ser improcedente la desestimación decretada. Alega que erró el tribunal al no reconocer legitimación a la Asociación de Farmacias y a las farmacias reclamantes y al determinar que la controversia no estaba madura para su adjudicación. Plantea, también, que erró al concluir que los actos de Humana no son contrarios a las disposiciones legales y reglamentarias sobre la reforma de salud, que no violan las leyes antimonopolísticas y al no reconocer que se violaron los derechos de las farmacias demandantes.
Salvo por su determinación en cuanto a que las farmacias no tienen legitimación activa y que la controversia no estaba madura, que como veremos es inconsecuente en el resultado del caso, suscribimos el análisis efectuado por el tribunal para desestimar la demanda.
II
Entendemos que tiene razón la apelante en su contención de que erró el tribunal al determinar que la Asociación de Farmacias y las farmacias demandantes, con excepción de la Farmacia Mabel, no tienen legitimación activa para incoar la acción presentada y que la controversia no está madura.
El tribunal expuso con corrección los requisitos para la legitimación activa de un demandante, a saber: que ha sufrido un daño claro y palpable, no uno abstracto, ni hipotético; que existe un nexo causal entre la causa de acción que se ejercita y el daño alegado, si la causa de acción surge al amparo de la Constitución o alguna ley. P.P.D. v. Roselló, 139 D.P.R. 643, 666 (1995); 95 J.T.S. 165, pág. 437; Asociación de Maestros v. Torres, 137 D.P.R. 528, 535 (1994); Salas Soler v, Srio. de Agricultura, 102 D.P.R. 716 (1974). Con respecto al caso de las asociaciones, estas tienen legitimación para demandar en defensa de sus intereses colectivos o a nombre de sus miembros, aunque la propia organización no haya sufrido daños. Colegio de Opticos v. Vani Visual, 124 P.P.R. 559, 565 (1989). Si demanda a nombre de sus miembros, la asociación deberá demostrar que éstos tienen legitimación activa propia; los intereses que se pretenden proteger están relacionados con los objetivos de la organización; y que la reclamación y el remedio solicitado no requieren la participación individual de sus miembros. La determinación de la legitimación activa depende del remedio solicitado y procede que se reconozca la legitimación activa de una asociación cuando la petición es de naturaleza interdictal, o una sentencia declaratoria o cualquier otro remedio interdictal que beneficie a todos los miembros realmente perjudicados. Colegio de Opticos v. Vani Visual, supra.
Bajo la interpretación liberal que nuestro Tribunal Supremo ha aplicado a los requisitos de la legitimación activa de litigantes, las farmacias, en este caso, y en su representación, la Asociación, han demostrado que están sujetas a sufrir un daño real al no poder continuar con el contrato que ostentaban, con motivo de las variaciones *1079 propuestas. La Asociación de Farmacias reclamó en nombre de las farmacias como promotor de los intereses y el bienestar de los miembros y en protección de sus negocios. Ciertamente, la negociación de un contrato de servicios con el asegurador contratado por el gobierno y el efecto inmediato que pueda tener el fracaso en las negociaciones, son asuntos que afectan directamente los intereses económicos de las farmacias reclamantes y, por ende, los propósitos de la Asociación. La reclamación de éstas de que se preservara el contrato anterior bajo las leyes que entendía eran aplicables, estaba madura para adjudicar.
No obstante, la determinación del tribunal sobre lo anterior, no tiene consecuencia alguna respecto a la sentencia desestimatoria, toda vez que el tribunal entró en los méritos de la controversia resolviendo todos los planteamientos presentados por la Asociación y las farmacias, al reconocerle legitimación activa a la Farmacia Mabel. Coincidimos con la posición de Humana en cuanto a que el error alegado no tiene efecto alguno en la decisión apelada, la cual se sostiene porque la demanda no expone una causa de acción que justifique la concesión de un remedio, como veremos más adelante.
La reclamación de la Asociación de Farmacias está basada en violaciones a los artículos 2 y 7 de la Ley de Monopolios de Puerto Rico, Ley Núm. 77 de 8 de junio de 1973, 10 L.P.R.A. sees. 258 y 263, al artículo 2 de la Ley de Reforma Integral de los Servicios de Salud, (Ley de Reforma de Salud) 24 L.P.R.A. see. 3002, y a las disposiciones que prohiben contratos contrarios al orden público.
El tribunal analizó correctamente esas alegaciones con fundamentos que no es necesario reproducir. Basta señalar que las alegaciones de violaciones a la Ley de Monopolios son improcedentes, puesto que para que proceda una violación a su artículo 2, supra, es necesario demostrar, en primer lugar, que existe algún contrato, combinación o conspiración entre dos o más entidades separadas; que ese contrato o combinación restringe, irrazonablemente, los negocios o el comercio en Puerto Rico o en cualquier sector de este. Pressure Vessels P. R. v. Empire Gas P.R., 137 D.P.R. 497, 509 (1994).
En cuanto al artículo 7 de la Ley de Monopolios, supra, éste prohíbe una serie de prácticas discriminatorias en la implantación de precios o la venta u otorgamiento de contratos para la venta de mercancía a precios irrazonablemente bajos con el propósito de destruir la competencia o eliminar un competidor. Constituye un discrimen en precio, cualquier diferencia en el precio neto que paguen dos compradores al mismo vendedor o el uso de distintas condiciones de crédito para los compradores.
En casos en los cuales se alegan violaciones a las leyes antimonopolísticas, el criterio para determinar si la demanda debe desestimarse por no exponer una causa de acción que justifique la concesión de un remedio, es el mismo que en otros casos. O sea, el tribunal está obligado a dar por ciertos y buenos todos los hechos bien alegados y expresados de manera clara y concluyente en la demanda, que de su faz no den margen a dudas. Para prevalecer, el promovente de la moción desestimatoria tiene que demostrar que, aún así, la demanda no expone una reclamación que justifique la concesión de un remedio. Ramos v. Orientalist Rattan Furnt., Inc., 130 D.P.R. 712, 728-729 (1992); Unisys v. Ramallo Brothers, 128 D.P.R. 842, 858 (1991). Como consecuencia de esos principios, la demanda debe ser interpretada de forma liberal a favor de la parte demandante y sus alegaciones se examinarán de la manera más favorable a ésta. No debe ser desestimada, a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación. Unisys v. Ramallo Brothers, supra; Romero Aroyo v. E.L.A., 12 7 D.P.R. 724, 737 (1991).
En el caso que nos ocupa, los hechos alegados respecto a las violaciones a la Ley de Monopolios, aun tomados como ciertos, no sostienen la reclamación presentada. En primer término, no existe un contrato o combinación entre entidades que tenga el propósito de restringir la competencia. Humana es un comprador de servicios cuya oferta contractual es para comprar los servicios que proveen las farmacias demandantes al precio más conveniente. Como tal, no es un competidor de las farmacias reclamantes. No media tampoco un contrato o acuerdo entre partes que sugiera la presencia de un esquema de conspiración o que evidencie la intención de *1080 crear un monopolio de servicios con alguna o algunas de las farmacias en la zona. Las demandantes han admitido que la oferta impugnada ha sido, uniformemente presentada en iguales términos a todas las farmacias, ; sin establecer diferencias que demuestren una conducta discriminatoria para.con algunos de los proveedores. La ; ausencia de los elementos mencionados desvirtúa las alegaciones de infracciones a la Ley Monopolios. ;
Tampoco procede la reclamación de la Asociación de Farmacias respecto a que la oferta de contratación de - ■ Humana viola la Ley de Reforma de Salud por estar en contra de la política pública establecida en el artículo 2 i de dicha ley, 24 L.P.R.A. see. 3002, a los efectos de garantizar la libre selección de los servicios médicos a cada ciudadano. . . - . . .. >
Como analizó el tribunal, la ley provee libre selección de servicios a los beneficiarios, la que define como el ■- ’ derecho que tiene todo individuo a escoger libremente al médico, odontólogo y hospital de su confianza sin.que • existan barreras geográficas o regionales, o que el Estado u otro organismo le imponga el profesional u hospital. a. quien acudir. Ese derecho está sujeto a los recursos disponibles del Estado y al sistema de prestación de ; servicios públicos que el gobierno haya adoptado. Ley de Reforma de. Salud, artículos 2 y:3,-24 L.P.R.A. sees. 3002 y 3003. '
El Reglamento General de la Administración de Servicios de Salud (Reglamento de ASES), Núm. 5253, en ' su artículo III (35), dispone que un proveedor participante es todo proveedor de servicios de cuidado de salud contratado por los aseguradores, para brindar tales servicios a los beneficiarios representados por la r Administración. En tomo al servicio de farmacias, el reglamento dispone que los medicamentos ordenados ¡ mediante prescripción médica, deberán ser despachados en una farmacia participante debidamente autorizada - bajo las leyes del Estado Libre Asociado, libremente seleccionada por el beneficiario. Reglamento ..de^ASES, • artículo VI (J) (1). Por consiguiente, para ser un proveedor participante, tiene que existir un contrato con el ' asegurador. Los beneficiarios de la reforma sólo pueden seleccionar libremente entre aquellos proveedores de servicios que estén contratados como participantes. |
' De conformidad con las disposiciones de ley y reglamentarias mencionadas, es correcta la determinación • del tribunal de que el derecho de libre selección reconocido está dirigido a los beneficiarios de la reforma y condicionado a la libre selección de servicios de salud entre los proveedores que sean participantes del programa. Por tanto, carece de méritos la alegación de las farmacias de que la oferta de Humana viola el ■ derecho de los ciudadanos a la libre selección de servicios de salud, particularmente, los servicios ; farmacéuticos, o sus derechos como proveedores.
La Asociación de Farmacias plantea que erró la sala sentenciadora al no reconocer la obligación de Humana, como entidad privada ejerciendo poderes gubernamentales, de no violar los derechos de las farmacias demandantes a no ser discriminadas, ni privadas de su propiedad sin el debido proceso de ley. Arguye que la oferta hecha por Humana equivale a una fijación de precios y, apoyándose en jurisprudencia federal, reclama .que la compensación que fija el gobierno para las entidades que regula, tiene que ser justa y razonable. Plantea que Humana, al ejercer funciones que tradicionalmente han sido gubernamentales, tiene que seguir esta directriz constitucional presentando una oferta a las farmacias que les permita tener una ganancia razonable.
La Asociación no ha demostrado que las actuaciones de Humana constituyan acciones gubernamentales. Tal cual previamente explicado, Humana no ofrece directamente los servicios de salud. Es una aseguradora contratada para suscribir y administrar el seguro médico del gobierno en dos regiones. El acto de administración de seguros no es una actividad que, tradicionalmente, la efectúa exclusivamente el gobierno.
Aparte de ello, no se trata de una autoridad reguladora de las farmacias demandantes. Humana no tiene obligación alguna de garantizarles una ganancia razonable. Son improcedentes e insustanciadas las violaciones constitucionales imputadas.
*1081 Finalmente, cabe tener presente el principio de la libertad de contratación, como parte del cual las partes contratantes pueden establecer los pactos, cláusulas y condiciones que tengan por conveniente, siempre que no sean contrarios a las leyes, a la moral, y al orden público. Articulo 1207 del Código Civil, 31 L.P.R.A. see. 3372. El orden público es acopio de normas de moral y de ética pública que constituyen principios rectores de sabio gobierno y guían el bienestar de la sociedad. Nada hay en la oferta de Humana que contravenga esos principios.
III
En conclusión, no hay base alguna para las alegaciones de que la oferta de contrato presentada por Humana a las farmacias demandantes, sea constitutiva de violaciones a la Ley de Monopolios, a la Ley de Reforma de Salud o al orden público, según planteadas en la demanda. El foro de instancia actuó correctamente al interpretar las leyes invocadas y al desestimar la demanda, tomadas sus alegaciones como ciertas y de la manera más favorable a las demandantes.
En virtud de todo lo anterior, se confirma la sentencia apelada.
Lo acordó el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General