Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| CARMELO RIVAS McCLIN; RICARDO RIVAS ORTIZ<br><br>Recurrido<br><br>v.<br><br>HÉCTOR RIVERA OCHART hnc ADVANCED MARINE MECHANIX, ADVANCED MARINE MECHANIX, LLC<br><br>Recurrente | KLRA202400189 | *Revisión* procedente del Departamento de Asuntos del Consumidor, Regional San Juan<br><br>Caso Núm. SAN-2018-0003773<br><br>Sobre: Talleres de Mecánicas de Vehículos de Motor; Reparación Defectuosa de Motor de Embarcación |

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

I.

El 20 de noviembre de 2018, el Sr. Carmelo Rivas McClin instó *Querella* ante el Departamento de Asuntos del Consumidor (DACO) contra *Advanced Marine Mechanix, LLC* (Advanced Marine). Alegó haber pagado al mecánico, Sr. Héctor Rivera Orchart, para afinar o darle un "*tune-up*" completo a los motores de su bote y que el señor Rivera Orchart se demoró más de dos (2) meses en terminar el trabajo. Añadió, que, el señor Rivera Orchart cobró más de $1,500 de lo establecido previamente, hizo compras de piezas y gastos sin permiso y una vez le entregó el bote, el motor de estribor se apagó y dejó de funcionar. De igual forma, señaló que habían roto una parte del motor y para ocultar la rotura, la pegaron con *silicón* y la pintaron de negro. Solicitó, como remedio, la compra de un motor nuevo y la devolución del dinero pagado ascendente a $6,500.

Número Identificador

SEN2024_____

Ese mismo día, DACO notificó la *Querella* a *Advanced Marine*. Posteriormente, mediante *Resolución* emitida el 28 de enero de 2020, notificada el 29, DACO declaró Con Lugar la *Querella* y ordenó a *Advanced Marine* satisfacer al señor Rivas McClin, $5,996.50 en concepto de devolución de lo que este pagó por la reparación defectuosa, más $500 en daños.

El 18 de febrero de 2020, *Advanced Marine* presentó *Solicitud de Relevo de Resolución y Desestimación de Querella*. Arguyó que, nunca se le notificó correctamente la *Querella* ni las notificaciones posteriores, y que advino en conocimiento de esta luego de que se emitiera la *Resolución.* Asimismo, adujo que no hubo relación contractual entre el señor Rivas McClin y *Advanced Marine,* porque *Advanced Marine* adquirió personalidad jurídica luego de la fecha en que el señor Rivas McClin había contratado al señor Rivera Orchart. El 26 de febrero de 2020, DACO emitió y notificó en igual fecha un *Relevo de Resolución,* dejando sin efecto la *Resolución* dictada el 28 de enero de 2020, notificada el 29. Reconoció un error en la notificación y nombre en la persona que brindó los servicios. No obstante, a pesar de la determinación de DACO, el señor Rivas McClin insistió en que la parte querellada era *Advanced Marine.*

Posteriormente el 27 de septiembre de 2021, DACO notificó una *Orden sobre Señalamiento de Vista Administrativa Mediante Videoconferencia* en la cual citó como parte querellada a *Advanced Marine.* En respuesta, el señor Rivera Orchart presentó el 29 de septiembre de 2021 una *Urgente Solicitud de Desestimación de Querella en Conformidad con Relevo de Resolución* por entender que había un error.

En la vista celebrada el 13 de octubre de 2021, DACO atendió la *Moción* de desestimación presentada por *Advanced Marine.* Determinó que, en efecto, la compañía *Advanced Marine* no tenía injerencia en el asunto, y que le correspondía al señor Rivas McClin

enmendar la *Querella* porque su relación fue directamente con el señor Rivera Orchart. Cónsono con lo anterior, el 18 de octubre de 2021, el señor Rivas McClin instó una *Querella Enmendada* para incluir al señor Rivera Orchart. El 8 de noviembre de 2021, el señor Rivera Orchart presentó su alegación responsiva. En ella, negó las alegaciones del señor Rivas McClin y levantó entre sus defensas afirmativas, la prescripción de la acción.

El 9 de noviembre de 2021, DACO celebró una conferencia sobre el estado de los procedimientos en la que el señor Rivas McClin propuso citar para la vista administrativa al técnico de DACO que había alegadamente inspeccionado el motor en cuestión junto al señor Rivera Orchart. Atendido este asunto, el 10 de noviembre de 2021, el señor Rivera Orchart presentó ante DACO una *Moción en torno a posible citación a técnico de DACO que efectuó inspección.* Justificó su pedido en que el motor en cuestión no existía porque el señor Rivas McClin había dispuesto del mismo. Añadió, que, debido a que, a la fecha en que el técnico de DACO inspeccionó el motor él no era parte en la *Querella,* el *Informe* rendido luego de dicha inspección no era válido por contrariar los preceptos básicos del debido proceso de ley. Sostuvo que él no participó en dicha inspección ni el motor puede re-inspeccionarse por haberse dispuesto del mismo.

El 24 de octubre de 2022, DACO emitió una *Resolución Parcial.* En la misma, desestimó la *Querella* en cuanto a la compañía de responsabilidad limitada *Advanced Marine* y determinó que no podía utilizarse el *Informe* del técnico de DACO. El 9 de junio de 2022, el señor Rivas McClin presentó una *Moción sometiendo evidencia documental de la parte querellante.*

El 23 de junio de 2023, el señor Rivera Ochart presentó *Urgente Solicitud de Desestimación con Perjuicio.* Adujó que no existe prueba que apoye la concesión de un remedio, y que, además la

querella estaba prescrita. Alegó que la alegada negligencia señalada en la querella gira en torno a una reclamación de responsabilidad civil extracontractual por lo que aplicaría el termino prescriptivo de un (1) año.

En la Vista Administrativa celebrada el 29 de junio de 2023, el Juez Administrativo de DACO indicó que evaluaría la *Moción* de desestimación y que ambas partes presentarían proyectos de resolución atendiendo, tanto la prueba desfilada en la vista, como el planteamiento de prescripción. Luego de la vista, el 6 de febrero de 2024, notificada el 7, DACO emitió una *Resolución* en la cual declaró Con Lugar la *Querella.* Concluyó que el señor Rivera Orchart incurrió en negligencia en la reparación del motor del bote y le ordenó que reembolsara todo lo que el señor Rivas McClin le pagó para la reparación y reemplazo del motor.

Insatisfecho, el 27 de febrero de 2024, el señor Rivera Orchart presentó ante DACO una *Moción de Reconsideración.* Reiteró que correspondía atender la solicitud de desestimación que estaba ante la consideración de la agencia administrativa. De igual forma, solicitó que se considerara que, en ausencia física de la condición del motor, en ausencia de prueba pericial y, sobre todo, ante la imposibilidad de establecer la existencia de un daño, se le estaba obligando a someterse a un proceso que a todas luces era improcedente en derecho.

Transcurrido el plazo sin que DACO se expresara sobre la *Moción*, el 12 de abril de 2024, el señor Rivera Orchart recurrió ante nos mediante *Recurso de Revisión.* Plantea:

(a) Erró DACO al ignorar la moción de desestimación por prescripción aun cuando indicó que la atendería eventualmente en la Resolución que dictase, y este error conllevó que se permitiera dilucidar una reclamación que bajo nuestro ordenamiento jurídico estaba prescrita.

(b) Erró DACO al ampararse en un aspecto de credibilidad para ignorar el hecho de que ni el Juez Administrativo, ni la parte querellada, jamás tuvieron oportunidad de cotejar la situación real del motor cuya reparación fue alegadamente negligente porque sencillamente el motor no existe porque fue dispuesto, descartado por el querellante. Por ende, no había prueba esencial para establecer la reclamación.

(c) Erró DACO al conceder no solo el pago de lo que el querellante le hubiera pagado al querellado, sino además[,] al conceder una compensación adicional consistente en $7,800 por el costo del nuevo motor que el querellante adquirió, lo que constituye un remedio ilegal, injusto y que resulta en un enriquecimiento injusto para el querellante.

El 16 de abril de 2024 concedimos al señor Rivas McClin y al señor Rivas Ortiz término de treinta (30) días para presentar su oposición. El 28 de mayo de 2024, luego de haber sido concedida una prórroga, los señores Rivas McClin y Rivas Ortiz presentaron *Alegato Parte Recurrida*. Alegaron, en síntesis, que las partes habían acordado someter proyectos de resolución en los que se argumentaría el asunto de la prescripción y que se opusieron a la desestimación por entender que el plazo de prescripción aplicable era el de quince (15) años establecido para las relaciones contractuales ya que existía un contrato de servicios entre las partes. Añadieron, que, la alegación de no haber inspeccionado el motor por haber sido descartado era inmeritoria pues la prueba desfilada consistió en testimonios, textos entre las partes, recibos de pagos, facturas y fotos de los daños a los motores. Finalmente, alegaron que sí procede el pago por el nuevo motor adquirido ya que es una inversión que fue una consecuencia directa de los actos del señor Rivera Orchart.

El 11 de junio la parte recurrente instó *Moción Solicitando Autorización para Presentación de la Transcripción de la Prueba Oral y Presentación de la misma y solicitud de breve termino para someter memorando suplementario*. El 12 de junio de 2024 emitimos una

*Resolución* autorizando la referida Transcripción, y le otorgamos a la parte recurrida un término de quince (15) días para presentar enmiendas u objeciones a la misma. Asimismo, dentro de dicho término le conferimos a la parte recurrente presentar su Alegato Suplementario.

El 8 de julio de 2024 la parte recurrente presentó *Alegato Suplementario del Recurrente.* El 1 de agosto de 2024, luego de haber sido concedida una prórroga, los señores Rivas McClin y Rivas Ortiz presentaron *Alegato Parte Recurrida.* Con el beneficio de la comparecencia de las partes, el derecho y jurisprudencia aplicables, resolvemos.

II.

En su primer señalamiento de error, el señor Rivera Orchart indica que DACO debió atender la moción de desestimación que incoó por prescripción, antes de dilucidar los méritos de la reclamación. Señala que ello permitió dilucidar una reclamación que bajo nuestro ordenamiento estaba prescrita. Veamos la corrección de su planteamiento.

Si bien el señor Rivera Ochart tiene razón en que, cuestiones como la prescripción de una causa de acción son asuntos de umbral que ameritan atenderse prioritariamente, en este caso, aceptó el ejercicio discrecional del Tribunal de Primera Instancia de proceder con la vista y atender el asunto de la prescripción posteriormente. Según las constancias del expediente, las partes acordaron que someterían proyectos de resolución en los que se argumentaría el asunto de la prescripción. De hecho, en el inicio de la vista en su fondo, el señor Rivas McClin se opuso a la desestimación pretendida aduciendo que el plazo de prescripción aplicable era el quinquenal por existir una relación contractual de servicios entre las partes, y no el de un año aplicable a las acciones extracontractuales.

Al respecto, sabido es que, "[l]as obligaciones nacen de la ley, de los contratos y cuasicontratos, y de los actos y omisiones ilícitos o en que intervenga cualquier género de culpa o negligencia".[1] El Art. 1206 del Código Civil de Puerto Rico,[2] dispone que un contrato "existe desde que una o varias personas consienten en obligarse respecto a otra u otras, a dar alguna cosa, o prestar algún servicio".[3] Según el Art. 1207 del mismo cuerpo de normas,[4] "[l]os contratantes pueden establecer los pactos, cláusulas que tengan por conveniente, siempre y cuando no sean contrarios a las leyes, a la moral, ni al orden público".[5] "Las obligaciones que nacen de los contratos tienen fuerza de ley entre las partes contratantes y deben cumplirse a tenor con los mismos".[6]

En este caso, no hay duda de que entre las partes había un contrato válido y exigible y cada parte tenía la obligación de cumplir con el mismo. El señor Rivera Ochart se comprometió a realizar trabajos de mecánica en el bote del señor Rivas Ortiz y este se comprometió a pagar por dichos servicios. Las obligaciones del señor Rivera Ochart incluyeron la compra de las piezas necesarias para la reparación del motor. Así que, el objeto del contrato consistió en el mantenimiento y los trabajos de mecánica en la embarcación, la compra e instalación de piezas y la solicitud de autorización previa a realizar trabajos adicionales o a la compra de piezas adicionales. Obviamente, el objetivo final era la entrega del bote con el trabajo realizado en una fecha específica.

Por tanto, no estamos ante un contrato única y exclusivamente de servicios de mecánica. En virtud de dicho

---

[1] Art. 1042 del Código Civil de Puerto Rico, 31 LPRA § 2992. Serán de aplicación las disposiciones del Código Civil de Puerto Rico de 1930 derogado por la Ley Núm. 55 de 1 de junio de 2020, según enmendada, ya que al momento de los hechos estaba vigente.
[2] 31 LPRA § 3371.
[3] *Íd.*
[4] *Íd.* § 3372.
[5] *Íd.*
[6] *Íd.* § 2994.

contrato entre las partes, el señor Rivera Ochart se obligó a realizar gestiones más allá de su trabajo como mecánico. Compró piezas adicionales sin la previa autorización del señor Rivas McClin -o Rivas Ortiz-, cobró por dichas piezas y por trabajos no acordados e incumplió crasamente con la fecha de entrega de la embarcación.[7] De manera que, el término prescriptivo aplicable, es el de quince (15) años según lo dispone el Art. 1864 del Código Civil de Puerto Rico de 1930 pues era el vigente en el año 2018.[8] El objeto de las acciones contractuales es que se cumplan las obligaciones contraídas por las partes en virtud del contrato. Distintas son las extracontractuales que se originan en el incumplimiento de un deber impuesto por ley.[9]

III.

En su segundo señalamiento, plantea que DACO incidió al ampararse en un aspecto de credibilidad para ignorar el hecho de que ni el Juez Administrativo, ni la parte querellada, jamás tuvieron oportunidad de cotejar la situación real del motor cuya reparación fue alegadamente negligente porque sencillamente el motor no existe porque fue dispuesto, descartado por el querellante. Por ende, no había prueba esencial para establecer la reclamación. Tampoco tiene razón. Veamos por qué.

La prueba desahogada en la vista consistió del testimonio del señor Rivas McClin, los mensajes de textos por teléfono entre las partes, recibos de pagos, facturas y fotos de los daños a los motores. El señor Rivas McClin declaró, que es dueño de dicho bote desde el año 2013 y conocía el funcionamiento y las condiciones de la

---

[7] Según el Art. 1054 del pasado Código Civil, los que en el cumplimiento de sus obligaciones contractuales incurrieran en dolo, negligencia o morosidad estarían sujetos a la indemnización de los daños y perjuicios causados. *Maderas Tratadas* v. *Sun Alliance, et al.,* 185 DPR 880, 909 (2012); *Trinidad* v. *Chade*, 153 DPR 280, 290 (2001).

[8] *Rosas González* v. *Acosta Pagán,* 137 DPR 720 (1993). *Ramos* v. *Orientalist Rattan Furniture Inc.,* 130 DPR 712, 717 (1992).

[9] *Rivera Sanfeliz et al,* v. *Junta Directores First Bank,* 193 DPR 38, 56 (2015); *Sociedad de Gananciales* v. *Vélez & Asociados,* 145 DPR 508, 521 (1998).

embarcación. También atestiguó sobre las conversaciones con el señor Rivera Ochart, los acuerdos a los que llegaron y todos los incumplimientos a las obligaciones del contrato que incurrió este último. Según la prueba creída por el juzgador de los hechos, luego de habérsele notificado los desperfectos del motor, el señor Rivera Ochart tuvo acceso a la embarcación, la examinó e inclusive hizo alegaciones sobre la condición del motor dirigidas a librarse de responsabilidad.

IV.

Como tercer y último señalamiento de error, el señor Rivera Ochart nos plantea que el DACO también se equivocó al conceder una compensación de $7,800.00 por el costo del nuevo motor que el señor Rivas McClin adquirió, además del pago de lo que el señor Rivas McClin le hubiera pagado al señor Rivera Ochart. Tiene razón.

Ciertamente, la Ley Orgánica del Departamento de Asuntos al Consumidor, Ley Núm. 5 de 23 de abril de 1973,[10] faculta al DACO a, entre otras cosas, "vindicar e implantar los derechos del consumidor".[11] En virtud de dicha Ley, el DACO "posee amplios poderes para dictar las acciones correctivas que sean necesarias para cumplir con el mandato de su ley habilitadora, es decir, para proteger a los consumidores".[12] Ello no puede interpretarse, que la Agencia puede conceder remedios más allá de los que el orden jurídico permite a base de su razonabilidad.

Tal y como hemos aceptado como correcto, procedía reembolsar al señor Rivas McClin el costo de la adquisición del nuevo motor que hizo con su propio pecunio, mas no, una compensación adicional del pago que este hubiera tenido que satisfacer al señor Rivera Ochart por sus servicios. Por tanto,

---

[10] Ley Orgánica del Departamento de Asuntos del Consumidor, Ley Núm. 5 de 23 de abril de 1973, 3 LPRA § 341 et seq.
[11] 3 LPRA § 341b.
[12] *Suárez Figueroa* v. *Sabanera Real, Inc.*, 173 DPR 694, 705 (2008).

procede modificar el dictamen recurrido a los únicos fines de eliminar la cuantía concedida por concepto del pago que hubiese tenido que pagar el señor Rivas McClin al señor Rivera Ochart por el servicio de reparación del motor. Se mantiene la cuantía concedida por el costo del nuevo motor que tuvo que adquirir el señor Rivas McClin.

V.

Por los fundamentos antes expuestos se *modifica* el dictamen recurrido y así modificado, se *confirma*.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones