Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| BESSIE M. SCHRODER, CARLOS ALVAREZ MÉNDEZ<br><br>Parte Apelante<br><br>v.<br><br>IRVIN COLÓN MORENO, UNIVERSAL INSURANCE COMPANY Y OTROS<br><br>Parte Apelada | TA2025AP00468 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. GB2022CV00083<br><br>Sobre: Accidente de Tránsito |

Panel integrado por su presidenta la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Rodríguez Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 25 de noviembre de 2025.

Comparece ante este foro revisor, Bessie M. Schroder (señora Schroder) mediante el recurso de *apelación* de epígrafe instado el 23 de octubre de 2025.[1] Solicita que revoquemos la *Resolución y Sentencia Parcial* emitida el 22 de agosto de 2025, y notificada el 25 de agosto de 2025, por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón.[2] Mediante el referido dictamen, el TPI declaró *Con Lugar* la *Moción en Solicitud de Desestimación de Demanda Enmendada* presentada por Alberto Santini Rodríguez (señor Santini) y, en consecuencia, desestimó con perjuicio las alegaciones instadas en su contra por no haber sido presentadas dentro del término prescriptivo de un (1) año.

Por los fundamentos que expondremos a continuación, *confirmamos* la *Resolución y Sentencia Parcial* apelada.

---

[1] *Apelación*, SUMAC TA en el recurso TA2025AP00468, entrada 1.
[2] *Resolución y Sentencia Parcial,* SUMAC TA, Apéndice del recurso, entrada 142.

**I.**

El 3 de febrero de 2022, la señora Schroder y el Sr. Carlos Álvarez Méndez (señor Álvarez) incoaron una *Demanda* sobre daños y perjuicios contra Irvin Colón Moreno (señor Colón), Universal Insurance Company, la Asociación de Condómines del Condominio Alta Vista (Asociación de Condómines) y Chubb Insurance Company of Puerto Rico (Chubb).[3] En esta, en síntesis, alegaron que, el 5 de febrero de 2021, mientras la señora Schroder se encontraba caminando por el estacionamiento en dirección a la entrada del Condominio Alta Vista, fue impactada por una camioneta, la cual era conducida por el señor Colón. Sostuvieron que, como consecuencia del impacto, la señora Schroder fue sometida a una cirugía, en la que le colocaron una (1) placa de metal y nueve (9) tornillos; recibió veintiséis (26) terapias físicas y; vio afectada su calidad de vida al tener que dejar de hacer muchas de las actividades cotidianas que acostumbraba a hacer. Por ello, solicitó al foro primario que le concediera una suma no menor de quinientos mil dólares ($500,000.00) en concepto de daños físicos y angustias mentales y una partida adicional por gastos especiales.

Tras varias incidencias procesales, el 18 de enero de 2023, Chubb presentó una *Moción Solicitando Autorización para Presentar Demanda Contra Terceros* para incluir en el pleito al señor Santini.[4] Sostuvo que, como parte del descubrimiento de prueba, corroboró que el señor Santini era parte indispensable para la adjudicación de la demanda.[5]

Así las cosas, el 30 de mayo de 2023, el señor Santini compareció ante el foro primario mediante *Contestación a Demanda*

---

[3] *Demanda*, SUMAC TA, Apéndice del recurso, entrada 1.
[4] *Moción Solicitando Autorización para Presentar Demanda Contra Terceros*, SUMAC TA, Apéndice del recurso, entrada 30.
[5] El 9 de marzo de 2023, el foro primario emitió *Orden* aceptando la demanda contra terceros.

*Contra Terceros.*[6] Allí señaló como defensa afirmativa que los daños alegados en la demanda se debieron únicamente a la culpa y negligencia de los codemandados, el señor Colón y la Asociación de Condómines de Alta Vista, quienes no tomaron las debidas precauciones para evitar el accidente. Además, adujo que la demanda y la causa de acción contra los terceros demandados estaba total o parcialmente prescrita.

De otra parte, el 18 de julio de 2023, la señora Schroder instó una *Moción sobre Demanda Contra Terceros* mediante la cual expuso que, luego de estudiar la demanda contra terceros, adoptaba por referencia las alegaciones allí contenidas y solicitó al tribunal que tuviera la demanda por enmendada de conformidad.[7] Ante ello, a través de la *Orden* de 18 de julio de 2023, el foro primario permitió la enmienda, pero aclaró que debía presentar demanda enmendada.[8]

En cumplimiento, el 15 de agosto de 2023, la señora Schroder y el señor Álvarez presentaron *Demanda Enmendada.*[9] Sostuvieron que el señor Santini era el titular del Apartamento 4A en el Condominio Alta Vista II, mientras que el señor Colón era el arrendatario al momento del accidente. Expuso que la responsabilidad del señor Santini surgía del Artículo V Sección 1 de los *By-Laws* del Condominio Alta Vista, el cual en términos generales disponía que el titular sería responsable ante los demás copropietarios por cualquier violación causada por el mal uso del condominio por parte de cualquier persona que ocupara su apartamento, sin perjuicio de cualquier acción directa que pudiera instituirse contra dicha persona.

---

[6] Véase, expediente electrónico del caso GB2022CV00083 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada 54.
[7] *Íd.*, Entrada 64.
[8] *Íd.*, Entrada 65.
[9] *Íd.*, Entrada 68.

El 25 de agosto de 2023, el señor Santini presentó su *Contestación a Demanda Enmendada*.[10] En esta, señaló como defensa afirmativa, *inter alia*, que la demanda enmendada en su contra estaba total o parcialmente prescrita.

Posteriormente, el 6 de diciembre de 2024, la señora Schroder y el señor Álvarez, junto con Chubb, radicaron un escrito intitulado *Estipulación Parcial de Desistimiento Voluntario [...]*.[11] Mediante el mismo, informaron su intención de desistir con perjuicio de su causa de acción en contra de Chubb y su asegurado, Condominio Alta Vista, tras alcanzar un acuerdo transaccional. En consecuencia, solicitaron al foro primario que dictara sentencia parcial desestimando con perjuicio la demanda en cuanto a Chubb y su asegurado, sin imposición de costas y honorarios.

En consonancia, el 6 de diciembre de 2024, el foro primario dictó *Sentencia Parcial* de conformidad con lo solicitado por las partes en el escrito antes señalado.[12]

Luego, el 24 de enero de 2025, el señor Santini instó una *Moción en Solicitud de Desestimación de Demanda Enmendada*.[13] En su escrito, sostuvo que fue traído al pleito por Chubb, aseguradora del Condominio Alta Vista, un (1) año y once (11) meses luego de ocurrido el alegado accidente. Ello, a pesar de que Chubb, siendo la aseguradora del condominio, tuvo oportunidad de realizar las diligencias correspondientes para corroborar en tiempo la identidad del titular del apartamento. Asimismo, adujo que la señora Schroder esperó dos (2) años y cinco (5) meses luego de ocurrido el alegado accidente, y un (1) año y cinco (5) meses después de radicar la demanda, para solicitar la enmienda. Por tal razón, el señor Santini arguyó que la acción presentada en su contra estaba prescrita.

---

[10] *Íd.*, Entrada 71.
[11] *Íd.*, Entrada 91.
[12] *Íd.*, Entrada 93.
[13] *Moción en Solicitud de Desestimación de Demanda Enmendada*, SUMAC TA, Apéndice del recurso, entrada 112.

Evaluado el asunto, el foro primario emitió la *Resolución y Sentencia Parcial* aquí apelada.[14] Mediante el referido dictamen, el tribunal razonó que, en la demanda enmendada no se acreditó que el término prescriptivo para instar la reclamación fue interrumpido de forma alguna previo a la presentación de la demanda contra tercero. Así pues, concluyó que esta había sido presentada luego del término prescriptivo de un (1) año y desestimó con perjuicio la causa de acción instada contra el señor Santini.

En desacuerdo, el 9 de septiembre de 2025, la señora Schroder y el señor Álvarez presentaron una *Urgente Moción de Reconsideración*.[15] Alegaron que el señor Santini fue traído al pleito por no notificar que había alquilado el apartamento, acción a la cual quedaba obligado en virtud del reglamento. Asimismo, sostuvieron que la causa de acción en su contra era una de naturaleza contractual debido a que el reglamento establecía que los titulares eran responsables por los daños ocasionados por sus inquilinos dentro del condominio. Así, arguyeron que no les aplicaba el término prescriptivo de un (1) año sino el término mayor aplicable a las acciones contractuales.

Por su parte, el señor Santini instó una *Moción en Cumplimiento de Orden y Réplica a "Urgente Moción de Reconsideración"*.[16] En esta, argumentó que en ninguno de los escritos presentados previamente los demandantes habían alegado causas de acción sobre incumplimiento de contrato y que, además, las lesiones físicas alegadas en la demanda no surgieron como resultado de un incumplimiento de contrato. Reiteró que la acción en su contra fue presentada fuera del término prescriptivo de un (1)

---

[14] *Resolución y Sentencia Parcial*, SUMAC TA, Apéndice del recurso, entrada 142.

[15] *Urgente Moción de Reconsideración*, SUMAC TA, Apéndice del recurso, entrada 145.

[16] Véase, expediente electrónico del caso GB2022CV00083 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada 147.

año aplicable para incoar una reclamación sobre daños extracontractuales.

El 23 de septiembre de 2025, el foro primario emitió una *Resolución Interlocutoria* denegando la solicitud de reconsideración.[17]

Insatisfecho aún, el 23 de octubre de 2025, la señora Schroder acudió ante este foro revisor mediante recurso de *Apelación* y señaló que el foro primario cometió el siguiente error:

> Erró el TPI al desestimar la reclamación contra el señor Alberto Luis Santini Rodríguez por entender que la misma estaba prescrita.[18]

De otra parte, el 5 de noviembre de 2025, el señor Santini compareció ante este foro revisor mediante *Alegato de Parte Apelada*. En éste, básicamente reprodujo los argumentos presentados ante el foro primario.

**II.**

**A.**

Nuestro Código Civil reconoce dos categorías de actos perjudiciales que dan lugar a distintos tipos de responsabilidad: la contractual y la extracontractual.

La responsabilidad contractual emana del "quebrantamiento de un deber que surge de un contrato expreso o implícito".[19] A esos efectos, la acción en daños contractuales procede únicamente cuando el daño sufrido surge como consecuencia de la inobservancia de obligaciones anteriormente acordadas.[20] De forma que, es imperante que, al daño le preceda una relación jurídica entre las partes.[21] Así, el propósito de una acción de índole contractual es

---

[17] *Resolución Interlocutoria*, SUMAC TA, Apéndice del recurso, entrada 149.
[18] *Apelación*, supra, pág. 4.
[19] *Soc. de Gananciales v. Vélez & Asoc.*, 145 DPR 508, 521 (1998).
[20] *Maderas Tratadas v. Sun Alliance* et al., 185 DPR 880, 909 (2012).
[21] *Maderas Tratadas v. Sun Alliance* et al., supra, pág. 909 citando a *Álvarez v. Rivera*, 165 DPR 1, 18 (2005).

asegurar que se cumplan las promesas contractuales sobre las que las partes de un contrato otorgaron su consentimiento.[22]

Por el contrario, la responsabilidad extracontractual no nace de la voluntad de las partes, sino del incumplimiento de unas obligaciones y unos deberes impuestos por la naturaleza y por la ley, necesarias a la convivencia social.[23] A esos efectos, la acción en daños extracontractuales atiende "el resarcimiento de los daños ocurridos como consecuencia del quebrantamiento del principio general de convivencia social que supone no causar daño a los demás".[24] Por lo que, a diferencia de lo que ocurre con la responsabilidad contractual, la responsabilidad que emana del Art. 1536 del Código Civil, 31 LPRA sec. 10801, "surge precisamente como resultado del daño sin que haya mediado relación jurídica previa".[25]

Ahora bien, existen situaciones en las cuales puede resultar difícil determinar si nos encontramos ante un acto u omisión que produce culpa contractual o extracontractual. Esto puede ocurrir cuando se causa un daño que constituye tanto una violación a las normas de convivencia social, como un incumplimiento de una obligación contractual entre las partes.[26] Ante ello, nuestro más Alto Foro resolvió que únicamente procede la acción por responsabilidad contractual cuando el daño sufrido surge como consecuencia exclusiva de un incumplimiento con una obligación previamente pactada, daño que no ocurriría sin la existencia del contrato.[27] En cambio, cuando el hecho constituye tanto un incumplimiento contractual como una violación extracontractual, surge la doctrina

---

[22] *Santiago Nieves v. ACAA*, 119 DPR 711, 716 (1987).
[23] *Ramos Lozada v. Orientalist Rattan Furniture*, 130 DPR 712, 721 (1992) citando a H.M. Brau del Toro, *Los daños y perjuicios extracontractuales en Puerto Rico*, 2da ed., San Juan, Pubs. JTS, 1986, Vol. 1, Cap. I, pág. 42.
[24] *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, 193 DPR 38, 57 (2015).
[25] *Íd.*
[26] *Ramos Lozada v. Orientalist Rattan Furniture Inc.*, supra, pág. 722.
[27] *Íd.*, pág. 727.

de la concurrencia de acciones, quedando el demandante facultado para escoger una de las dos, dependiendo de cuál es la que mejor le ayude a vindicar sus derechos.[28]

**B.**

La prescripción es una figura que extingue un derecho cuando una parte no lo ejerce durante un período de tiempo determinado por ley.[29] En consonancia, el Artículo 1189 del Código Civil de 2020 dispone que "[l]as acciones prescriben por el mero lapso del tiempo fijado por ley".[30] Ello significa que, en ausencia de un acto interruptor, el titular de una causa de acción pierde su derecho a instalarla si no la ejerce en el plazo que la ley establece.[31]

La prescripción promueve que las personas ejerzan sus causas de acción con diligencia y, de esta manera, fomenta la estabilidad en las relaciones y el tráfico jurídico.[32] Esta figura del derecho sustantivo tiene como propósito castigar la inercia y estimular el ejercicio rápido de las acciones. Así, al fijarse un plazo determinado en el cual se deberá instar una acción, se pone punto final a las situaciones de incertidumbre jurídica y se evita que las personas estén sujetas de forma indefinida a la contingencia de una reclamación.[33] De lo contrario, un demandado podría encontrarse en una situación de indefensión como consecuencia del paso del tiempo y la desaparición de la prueba.[34]

A tenor con la teoría cognoscitiva del daño que rige en nuestro ordenamiento, el término prescriptivo para incoar una causa de acción comienza a transcurrir cuando la parte perjudicada conoce o debió conocer, si hubiera empleado algún grado de diligencia, la

---

[28] *Íd.*, pág. 728.
[29] *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 DPR 365, 372-373 (2012).
[30] 31 LPRA sec. 9481.
[31] *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1067 (2020), citando a *Cacho González et al. v. Santarrosa et al.*, 203 DPR 215, 228 (2019).
[32] *Conde Cruz v. Resto Rodríguez et al.*, supra, págs. 1067-1068.
[33] *Íd.*
[34] *Íd.,* pág. 1068, citando a *SLG Haedo-López v. SLG Roldán Rodríguez*, 203 DPR 324, 336 (2019).

existencia del daño y quién lo causó.[35] El Artículo 1204 del Código Civil de 2020 dispone que las reclamaciones para exigir responsabilidad extracontractual al amparo del Artículo 1536, prescriben por el transcurso de un (1) año, contado desde que la persona agraviada conoce la existencia del daño y quien lo causó.[36]

**III.**

En su escrito, la parte apelante alega que incidió el foro primario al desestimar la reclamación contra el señor Santini por entender que la misma estaba prescrita. Aduce que a su causa de acción no le era aplicable el término prescriptivo de un (1) año, pues el señor Santini no fue traído al pleito como co-causante del daño sino por una relación de naturaleza contractual. Fundamenta su posición en que el señor Santini asumió una serie de obligaciones al comprar el Apartamento 4A del Condominio Alta Vista II, por lo que en virtud de las disposiciones del Reglamento del Condominio debía responder. Así, sostiene que a la obligación contraída le aplica el término prescriptivo de cuatro (4) años dispuesto en el Art. 1203 del Código Civil de 2020[37].

Por su parte, el señor Santini alega que en los escritos presentados ante el foro primario no se incluyeron causas de acción sobre incumplimiento de contrato y que además las lesiones físicas de la señora Schroder no surgieron como resultado de un incumplimiento de contrato. Arguye también que, conforme a la teoría cognoscitiva del daño, la parte apelante debió identificar a cualquier presunto cocausante del daño realizando los procesos de descubrimiento de prueba diligentemente dentro del término dispuesto para ello. Así, concluye que la causa de acción en su contra debió ser presentada dentro del término prescriptivo de un

---

[35] *CSMPR v. Carlo Marrero et als.*, 182 DPR 411, 425-426 (2011).
[36] 31 LPRA sec. 9496.
[37] 31 LPRA sec. 9495.

(1) año de ocurrido el accidente que motivó la presentación de la demanda, por lo que la causa de acción estaba prescrita.

Luego de un análisis detenido del expediente del caso de epígrafe, así como el derecho aplicable, colegimos que el foro *a quo* no incidió al emitir su dictamen. *Veamos.*

Surge del expediente ante nuestra consideración que, el caso de autos se originó producto de unos hechos ocurridos el 5 de febrero de 2021. A esos efectos, la señora Schroder y su esposo instaron la presente causa de acción sobre daños y perjuicios contra el señor Colón, la Asociación de Condómines y las diversas aseguradoras el 3 de febrero de 2022. Ello, dentro del término prescriptivo de un (1) año según dispone nuestro Código Civil para las reclamaciones extracontractuales.

Ahora bien, distinta es la situación de la reclamación dirigida hacia el señor Santini. Surge claramente de los autos que, el señor Santini no fue incluido en el pleito desde la presentación de la demanda original, sino que, los demandantes, por el contrario, esperaron hasta el 15 de agosto de 2023, fecha en que fue presentada la *Demanda Enmendada,* para así hacerlo. Ello luego de que Chubb tomara la iniciativa de incluir al señor Santini en el pleito presentando una demanda contra tercero. Es decir, que la reclamación contra el señor Santini fue realizada luego de haber transcurrido dos (2) años y seis (6) meses del alegado incidente que dio paso a la demanda. A tenor con lo anterior, concluimos que la acción judicial de la parte apelante contra el señor Santini está prescrita.

Si bien la señora Schroder alegó en reiteradas ocasiones ante el foro primario e, incluso ante este foro revisor, que la causa de acción contra el señor Santini era una de naturaleza contractual y que, por ello, le aplicaba un término prescriptivo de cuatro (4) años, lo cierto es que, nada en el expediente nos convence de su postura.

Un estudio de las alegaciones bien formuladas de la *Demanda Enmendada* revela que la misma tuvo su raíz en una causa de acción al amparo del Art. 1536, *supra,* a saber, en el quebrantamiento del principio general de convivencia social que supone no causar daño a los demás a través de la reclamación extracontractual. Ello pues, nos resulta patentemente claro que el daño sufrido no surgió como consecuencia del incumplimiento de una obligación contractual.

Así las cosas, resulta forzoso concluir que el punto de partida para computar el término prescriptivo comenzó a decursar el 5 de febrero de 2021, cuando la señora Schroder conoció la existencia del daño y quien lo causó y que este, a su vez, culminó transcurrido un (1) año a partir de la fecha antes dicha.

No podemos pasar por alto que, en nuestro ordenamiento jurídico, la prescripción es una institución de derecho sustantivo, no procesal, que constituye una forma de extinción de un derecho o la liberación de una obligación por motivo de la inacción de una parte durante un tiempo determinado.[38] Siendo así, a la luz de lo anteriormente expuesto, concluimos que el TPI no cometió el error señalado por la parte apelante. Por consiguiente, procede que confirmemos la *Resolución y Sentencia Parcial* apelada.

**IV.**

Por los fundamentos antes esbozados, se confirma la *Resolución y Sentencia Parcial* apelada.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[38] *Birriel Colón v. Econo y otro,* 213 DPR 80, 94-95 (2023).